**Truman L. MINYARD, Appellant,**

v.

**SOUTHERN PIPE & SUPPLY CO.,
INC., Appellee.**

**No. 19449.**

Court of Civil Appeals of Texas,
Dallas.

Feb. 7, 1978.

Rehearing Denied March 7, 1978.

R. W. (Bill) Glenn, Glenn & Houser, Plano, for appellant.

Ronald Z. Aland, Ungerman, Hill, Ungerman, Angrist, Dolginoff, Teofan & Vickers, Dallas, for appellee.

ROBERTSON, Justice.

Southern Pipe & Supply Company, Inc. sued Truman L. Minyard on a sworn account. Minyard failed to answer, and a default judgment was rendered for the amount of the debt, together with attorney's fees. Minyard has perfected this writ of error. We affirm the judgment on the debt, but reverse and remand the award of attorney's fees because of Minyard's inability to obtain a statement of facts of the default judgment hearing.

■ Minyard's first argument is that the affidavit supporting the account was fatally defective because it failed to identify, in its introduction, the signer of the affidavit as the person who appeared before the notary public. Although the affidavit has a blank in which the affiant's name is supposed to appear, the name was not inserted, and Minyard argues that the name cannot be implied by the underlying signature. We disagree. The omission was cured by adding the words "sworn to and subscribed before me" immediately below the signature line. Since the notary thus attested both signature and swearing, it is reasonable to presume that the signing individual was also the affiant. Mere clerical omissions which do not obscure meaning will not invalidate an affidavit. *See Jewett State Bank v. Evans*, 129 S.W.2d 1202 (Tex. Civ.App.—Waco 1939, no writ); *Order of Aztecs v. Noble*, 174 S.W. 623, 624 (Tex.Civ. App.—Austin 1915, no writ).

■ As his second argument, Minyard asserts that the invoices attached to Southern Pipes' petition do not sufficiently describe the subject matter of the sworn account. To support this argument, he cites *Sherman v. Phillips Industries*, 560 S.W.2d 154 (Tex. Civ.App.—Houston 1977) and *Hassler v. Texas Gypsum Co., Inc.*, 525 S.W.2d 53 (Tex.Civ.App.—Dallas 1975, no writ), which reversed default judgments when the underlying invoices did not identify the purchased items with sufficient clarity. Unlike the invoices in those cases, however, the invoices in the present case describe the items in terms with recognized meanings in the English language. The terms "meter box," "gate valve," "closet flange" and others describe the items with sufficient clarity.

■ Accordingly, we hold that the sworn account is sufficient without further proof to support the judgment on the debt. The judgment for the attorney's fee, however, has no such support. Minyard argues that he was unable to secure a statement of facts of the default judgment hearing, and, accordingly, that the award of attorney's fees must be reversed. Minyard's averments regarding the statement of facts are supported by the affidavit of the official court reporter, who states that he did not report any evidence taken at the hearing, and that to his knowledge, no stenographic record of the hearing exists.

We have previously held that a new trial is required when an appellant, through no fault of his own, is unable to obtain a proper record of the evidence introduced.

*Morgan Express, Inc. v. Elizabeth-Perkins, Inc.*, 525 S.W.2d 312 (Tex.Civ.App.—Dallas 1975, writ ref'd). At the time *Morgan Express* was rendered, Article 2324 of the Texas Revised Civil Statutes required the official court reporter to attend and report all trials in his court. We rested our decision upon the duty prescribed by this statute. Since that time, however, Article 2324 has been amended to require the court reporter's attendance only when requested. We are not persuaded, however, that this amendment has modified the rule set forth in *Morgan Express* so as to require a defaulting party to request the court reporter's presence at the default judgment hearing. To adopt such a construction of the amendment would impose a duty to request the court reporter's presence at the very hearing from which the defaulting party is absent. Our holding is supported by the recent Supreme Court decision in *Rogers v. Rogers*, 561 S.W.2d 172 (1978), which recognized the viability of the *Morgan Express* rule in cases where the defendant did not appear at the trial.

 With respect to the defendant's duty to obtain a condensed statement in narrative form under Rule 377 of the Texas Rules of Civil Procedure or an agreed statement under Rule 378, the court said:

> An appellant is not required to undertake to agree with an adversary upon the facts adduced at the trial or to rely upon the unaided memory of the trial judge who decided the merits of the case in order to obtain a statement of facts. (561 S.W.2d at 173)

The court cited *Morgan Express, Inc. v. Elizabeth-Perkins, Inc., supra*, in support of this holding. Thus, the diligence requirements of Rules 377 and 378 do not apply to default judgment situations. We do not, however, construe the holding to dispense with these requirements in cases where the appellant is present at the trial, either in person or by counsel.

Finally, Southern Pipes argues that even if no statement of facts can be obtained, we must presume that the trial court took judicial notice of the State Bar fee schedule in setting the fee, pursuant to Article 2226 of the Texas Revised Civil Statutes. This presumption cannot exist here, however, because the default judgment recites that the trial court heard evidence before rendering judgment. We cannot presume the court took judicial notice of the fee schedule in the face of directly contrary recitations in the judgment. Consequently, the case must be remanded for a hearing on the amount of the attorney's fee. *Woods Exploration and Producing Company, Inc. v. Arkla Equipment Company*, 528 S.W.2d 568, 571 (Tex.1975).

The portion of the judgment which awards attorney's fees is reversed and remanded; the remainder of the judgment is affirmed.