MEMORANDUM OPINION




No. 04-03-00578-CV



TEXAS DEPARTMENT OF PUBLIC SAFETY,


Appellant



v.



Mario SALINAS,


Appellee



From the 38th Judicial District Court, Uvalde County, Texas 


Trial Court No. 23,526


Honorable Mickey R. Pennington, Judge Presiding



Opinion by: Phylis J. Speedlin, Justice


Sitting: Sarah B. Duncan, Justice

 Sandee Bryan Marion, Justice

 Phylis J. Speedlin, Justice


Delivered and Filed: May 12, 2004


REVERSED AND RENDERED

 The Texas Department of Public Safety ("DPS") appeals a district court judgment reversing
an administrative order suspending the driver's license of Mario Salinas ("Salinas"). The DPS raises
two issues on appeal: the admissibility of the DPS officer's report, and the existence of substantial
evidence to support the license suspension. We reverse and render judgment upholding the
suspension of Salinas' license.

Background

 After observing Salinas change lanes without signaling and turn directly in front of another
vehicle, DPS officer Johnny Field ("Officer Field") stopped Salinas' vehicle. Officer Field observed
Salinas losing his balance and detected a strong alcohol odor on his breath and bloodshot eyes. The
officer suspected that Salinas was intoxicated and conducted a series of field sobriety tests. After
Salinas failed the tests, he was arrested on suspicion of driving while intoxicated. Officer Field
requested a breath specimen for alcohol concentration testing, which Salinas refused.

 A hearing was held before an Administrative Law Judge ("ALJ") to determine whether
Salinas' driver's license should be suspended. The ALJ held that suspension was warranted for two
years pursuant to Section 724.035(b) of the Texas Transportation Code because Salinas' driving
record showed one or more prior alcohol or drug related enforcement contacts during the preceding
ten years. See Tex. Transp. Code Ann. § 724.035(b) (Vernon Supp. 2004). Salinas filed a petition
for review in district court. The district court reinstated Salinas' license, but did not specify its reason
for reversing the ALJ's decision. This appeal by the DPS followed. 

Standard of Review

 Courts review administrative license suspensions under the substantial evidence standard. See
Tex. Transp. Code Ann. § 524.043 (Vernon 1999); Tex. Gov't Code Ann. § 2001.174 (Vernon
2000); see Mireles v. Tex. Dep't of Public Safety, 9 S.W.3d 128, 131 (Tex. 1999). The issue for the
reviewing court is not whether the agency's decision is correct, but only whether the record
demonstrates some reasonable basis for the agency's action. Mireles, 9 S.W.3d at 131. The court
may not substitute its judgment for that of the agency. Id.; see also Tex. Dep't of Public Safety v.
Pruitt, 75 S.W.3d 634, 639 (Tex. App.--San Antonio 2002, no pet.) (any evidentiary ambiguities
should be resolved in favor of the administrative order). In contested cases, the reviewing court must
affirm the administrative findings if there is more than a scintilla of evidence to support them.
Mireles, 9 S.W.3d at 131. The appellate court reviews the trial court's determination de novo. Tex.
Dep't of Pub. Safety v. Cuellar, 58 S.W.3d 781, 783 (Tex. App.--San Antonio 2001, no pet.).

Analysis

 In its first issue, the DPS contends the ALJ did not err in admitting Officer Field's report
because (1) it was signed and sworn to before a notary, despite a clerical error, and (2) even if the
report was not properly sworn, the report was still admissible. At the administrative hearing, Salinas
objected to the admission of Officer Field's report on the basis that it was not properly sworn to
before a notary. Salinas argued that because the report omits Field's name in the introductory portion
stating, "[b]efore me, the undersigned authority, on this day personally appeared [blank] ....," the
report fails to show Field appeared before the notary and swore under oath that the information was
true; thus, the report was not properly sworn and was inadmissible. The ALJ ruled that the report
was admissible and considered it in reaching its decision. The district court reversed.

 Officer Field's written report states that he is a peace officer, that the information in the report
is true and correct, and that he had probable cause to suspect Salinas was intoxicated while operating
a motor vehicle. Officer Field's printed name and signature appear at the bottom of the report, along
with a notarization. Field's printed name clearly appears at the beginning of the report as well. The
court in Minyard v. Southern Pipe & Supply Co., Inc., addressed the situation where an affiant's
name is omitted from a line in the affidavit where it should have been printed. The court held that
the omission was cured because the words "sworn to and subscribed before me" appeared
immediately below the affiant's signature, accompanied by the notary's seal. Minyard v. Southern
Pipe & Supply Co., Inc., 563 S.W.2d 332, 333 (Tex. Civ. App.--Dallas 1978, writ ref'd n.r.e.).
Here, Officer Field's name is omitted from the introductory portion of the affidavit, but his printed
name and signature appear at the end of the report, followed by the words "sworn to and subscribed
before me" and the notary's seal. Therefore, it is reasonable to presume that the signing individual
and affiant are one and the same. See Minyard, 563 S.W.2d at 333. We conclude that Officer Field's
report constituted a sworn report, and was properly admitted at the administrative hearing. We
further note that the statute does not require the officer's report to be notarized in order to be
admissible in the administrative proceeding. See Tex. Transp. Code Ann. § 724.032 (Vernon Supp.
2004) (requiring only that the officer's report be in writing and reflect the defendant's refusal to
submit a breath specimen); Pruitt, 75 S.W.3d at 638. The ALJ did not err in admitting Officer Field's
report and in considering the report in reaching its decision to suspend Salinas' license.

 In its second issue, the DPS contends the district court abused its discretion in reversing the
ALJ's decision because there was substantial evidence to support the suspension of Salinas' driver's
license. We agree. In light of our conclusion that Officer Field's report was properly admitted by
the ALJ, we will consider the report in our review of the administrative record. In reviewing the
administrative record to determine whether there was substantial evidence to support the ALJ's
decision, we note that Officer Field's report indicates he personally observed that Salinas: 1) changed
lanes without signaling and turned directly in front of another vehicle; 2) had a strong odor of alcohol
on his breath; 3) had bloodshot eyes; 4) had to hold on to the car door to keep from losing his
balance; 5) performed poorly on the field sobriety tests; and 6) refused to provide a specimen of his
breath. 

 We find substantial evidence in the record to support the ALJ's finding that Officer Field had
reasonable suspicion to stop Salinas's vehicle, and that probable cause to arrest him for driving while
intoxicated developed during the stop. See McVickers v. State, 874 S.W.2d 662, 664 (Tex. Crim.
App. 1993) (officer may legally initiate a traffic stop if he has a reasonable basis for suspecting the
person has committed a traffic offense); see also Tex. Dep't of Public Safety v. Butler, 110 S.W.3d
673, 676 (Tex. App.--Houston [14th Dist.] 2003, no pet.) (probable cause to arrest for DWI existed
where defendant smelled of alcohol, had bloodshot eyes and difficulty walking, and failed a field
sobriety test). The administrative record contains sufficient evidence to support the ALJ's affirmative
findings on each issue required for the suspension of Salinas' license. See Tex. Transp. Code Ann.
§§ 724.042, 724.043 (Vernon Supp. 2004); see Mireles, 9 S.W.3d at 131 (appellate court must
uphold administrative license suspension if the record demonstrates some reasonable basis for the
agency's action). Accordingly, we hold the district court erred in reversing the ALJ's decision, and
we render judgment reinstating the administrative order suspending Salinas' license.


 Phylis J. Speedlin, Justice