# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-07-00173-CV

**Consolidated American Industries, Inc., Appellant**

**v.**

**Greit-Amberoaks, L.P., Appellee**

**FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 277TH JUDICIAL DISTRICT
NO. 06-1012-C277, HONORABLE KEN ANDERSON, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

Appellant Consolidated American Industries, Inc. appeals the district court's entry of default judgment against it. Consolidated asserts that there is error apparent on the face of the record, in that (1) the record does not reflect strict compliance with the rules of civil procedure relating to the issuance, service, and return of citation, (2) there is insufficient evidence to support the award of damages, and (3) appellee Greit-Amberoaks, L.P. is not shown to have standing to bring the underlying cause of action. We affirm the judgment.

Greit-Amberoaks filed suit in district court on March 17, 2006, against Consolidated and other defendants, alleging breach of a commercial lease arrangement. Greit-Amberoaks sought recovery of unpaid rent as well as other damages and attorneys' fees. Consolidated failed to answer. The district court entered a default judgment against Consolidated on December 11, 2006. Consolidated filed a notice of restricted appeal on March 12, 2007. A default judgment may be

attacked through a restricted appeal brought within six months of the date of the judgment by a party to the suit who did not participate in the trial, if the asserted error is apparent from the face of the record. *See Quaestor Invs., Inc. v. State of Chiapas*, 997 S.W.2d 226, 227 (Tex. 1999); Tex. R. App. P. 30. In three points on appeal, Consolidated alleges error on the face of the record.

Consolidated's first point on appeal is that the issuance, service, and return of citation are defective. Proper citation and return of service are required to establish personal jurisdiction over a defendant. *TAC Americas, Inc. v. Boothe*, 94 S.W.3d 315, 318-19 (Tex. App.—Austin 2002, no pet.). There are no presumptions in favor of valid issuance, service, and return of citation in the face of a restricted appeal of a default judgment. *Primate Constr., Inc. v. Silver*, 884 S.W.2d 151, 152 (Tex. 1994). In order for a default judgment to withstand direct attack, we require strict compliance with the rules for service of citation to affirmatively appear on the record. *See id.* If the return of service does not strictly comply with the Texas Rules of Civil Procedure, service is invalid and personal jurisdiction cannot be established. *TAC Americas*, 94 S.W.3d at 319.

Consolidated asserts that the return is defective because the record does not show that the person served with citation was authorized to receive service on behalf of Consolidated. The petition alleges that Consolidated may be served with process by serving its registered agent for service, Laughlin Associates, Inc. in Carson City, Nevada. According to the document in the record entitled "Officer's Return (Out of State)," the person served was Jamie Webster in Carson County, Nevada. Absent an indication of Mr. Webster's status as an agent for Consolidated or his authority to receive service on behalf of Consolidated or its registered agent, service would be invalid, and the granting of default judgment would be improper. *See Uvalde Country Club v. Martin Linen Supply*

2

*Co.*, 690 S.W.2d 884, 885 (Tex. 1985); *Reed Elsevier, Inc. v. Carrollton-Farmers Branch Indep. Sch. Dist.*, 180 S.W.3d 903, 905-06 (Tex. App.—Dallas 2005, pet. denied). However, the record also contains the document entitled "Proof of Service." The Officer's Return (Out of State) and the Proof of Service were signed by the same process server, were notarized by the same notary public on the same date, and were filed with the district court together at the same date and time. According to the Proof of Service, the "party served" was Consolidated American Industries, Inc., by serving its resident agent Laughlin Associates, Inc. in Carson City, Nevada, by serving "Jamie Webster, Manager."[1] Therefore, there is sufficient indication in the record that the person receiving service had authority to receive service on behalf of Consolidated's registered agent. Consolidated has not denied or challenged Mr. Webster's status as its agent.

Consolidated next claims that the citation violates Rule 99 of the Texas Rules of Civil Procedure, which requires that the citation "be signed by the clerk under seal of court" and "show names of parties." Tex. R. Civ. P. 99(b). The citation meets both of these requirements. The citation is signed by a deputy of the district court, as "issued and given under my hand and the seal of said court." The citation also contains the style of the case and names Consolidated American Industries, Inc. as a party that has been sued.

---

[1] Consolidated argues that the Proof of Service does not sufficiently show strict compliance because while the Officer's Return (Out of State) provides that the signor is "in no manner interested in the within styled and numbered cause, and competent to make the oath of facts herein stated," the Proof of Service includes no such assertion. *See* Tex. R. Civ. P. 108 (requiring that service of process out of state be made "by any disinterested person competent to make oath of the fact"). However, given that the same person signed both the Officer's Return (Out of State) and the Proof of Service, we see no reason to require that the assertion identified by Consolidated be made twice.

Consolidated also claims the citation is defective because its date stamp, showing the date on which it was filed with the clerk of the court, does not state the time of such filing. We find no such requirement for the citation in the rules of civil procedure.

In addition, Consolidated argues that service of the citation violated Rule 106, which requires that the copy of the citation delivered to the defendant have "the date of delivery endorsed thereon." Tex. R. Civ. P. 106(a)(1). However, the citation in the record is not the copy that was given to the defendant. Therefore, there is no evidence in the record that the date of delivery was not endorsed on the copy of the citation delivered to Consolidated. On the contrary, the Officer's Return (Out of State) states that the server of process delivered to Jamie Webster "a true copy of this citation . . . having first endorsed on such copy . . . of said citation the date of delivery."

Consolidated next argues that the return is not in strict compliance because its reference to the "petition" does not sufficiently identify the specific title of the document served—i.e., "Plaintiff's Original Petition." We recognize that improperly identifying the petition can be problematic when multiple petitions have been filed and earlier petitions did not name as a defendant the person now being served. *See Primate Constr., Inc.*, 884 S.W.2d at 152. However, this is not such a case. The return's statement that Jamie Webster received a copy of the "petition" is sufficient to identify the only petition filed in the case—the Plaintiff's Original Petition. *See id.* at 612 (petition entitled "Plaintiffs' Original Petition," return referred to "the Petition"); *Herbert v. Greater Gulf Coast Enters., Inc.*, 915 S.W.2d 866, 871 (Tex. App—Houston [1st Dist.] 1995, no writ) (petition was the "original petition," return referred to "the Complaint").

4

Finally, Consolidated claims that the return violates Rule 108's requirement that the return "be signed and sworn to by the party making such service," because a space on the Officer's Return (Out of State) for the person serving citation to print his name was left blank. *See* Tex. R. Civ. P. 108. We find no requirement in Rule 108 that the affiant print his name in a particular place. We hold that any error in this omission is cured by the fact that the affiant printed his name earlier on the return, identified as the individual "duly sworn" and "competent to make oath of the facts herein stated." Moreover, the notary attested both the signature and swearing by the affiant. *See Minyard v. Southern Pipe & Supply Co.*, 563 S.W.2d 332, 333 (Tex. App.—Dallas 1978, writ ref'd n.r.e.) ("Mere clerical omissions which do not obscure meaning will not invalidate an affidavit.").

In its second point on appeal, Consolidated argues that there is error on the face of the record because there is insufficient evidence to support the amount of damages awarded. Once a default judgment is taken on an unliquidated claim, all allegations of fact set forth in the petition are deemed admitted except the amount of damages. *Holt Atherton Indus., Inc. v. Heine*, 835 S.W.2d 80, 83 (Tex. 1992). To establish the amount of damages, Greit-Amberoaks attached to its motion for default judgment the affidavit of Linda Kliarsky, the property manager of the commercial property for which Consolidated owed rent and other charges. Consolidated challenges the evidence of damages set forth in Kliarsky's affidavit.

Consolidated asserts that the affidavit is insufficient because it does not specifically state the time periods for which the premises in question were vacant. However, for Greit-Amberoaks's allegation of unpaid rent, the relevant time period is when rent was not paid, not when

5

the premises were actually vacant. Kliarsky's affidavit specifically identifies the seventeen months for which rent was not paid.

Consolidated also challenges the amounts charged under the lease for Common Area Maintenance (CAM) expenses. Consolidated alleges that the monthly CAM charges set forth in Kliarsky's affidavit and its exhibits are insufficient because they are described as "estimated." However, this language tracks the lease—attached to Kliarsky's affidavit—which states that CAM charges are an "estimated adjustment . . . automatically due and payable in advance in twelve (12) equal installments" for each calendar year.[2]

Consolidated questions the differing amounts of CAM charges. Consolidated is charged monthly CAM amounts of $2,702.90 from March to September 2005, $3,295.31 from October to December 2005, and $4,076.59 from January to July 2006. Meanwhile, a temporary lessee of the premises during 2005 was charged monthly CAM amounts of $2,852.93 from September to December 2005.[3] Testimony of the total amount due under a written instrument is legally sufficient to support an award of that amount in a default judgment proceeding. *Texas Commerce Bank, N.A. v. New*, 3 S.W.3d 515, 517 (Tex. 1999). Although affidavits may

---

[2] Consolidated further complains that because Kliarsky's affidavit was signed in September 2006, the 2005 CAM charges no longer needed to be an estimate. However, for overpayment or underpayment of CAM charges, the lease contemplates *end-of-year* adjustments. Such end-of-year adjustments were included in the total amount owed by Consolidated as separate line items—$3,635 deducted for 2004 and $12,645.26 added for 2005.

[3] The temporary lessee was charged only $1,806.90 for CAM expenses in September and $828.27 in December. According to the affidavit's exhibits, these two lower monthly amounts were a result of the premises being leased for only nineteen days in September and nine days in December, and the $2,852.93 monthly amount being adjusted accordingly.

contain hearsay, unobjected-to hearsay constitutes probative evidence, and is satisfactory evidence of unliquidated damages. *Id.* Greit-Amberoaks's damages, therefore, may be established by Kliarsky's affidavit testimony. Kliarsky's affidavit avers personal knowledge of the facts, identifies the periods for which amounts are due under the lease, and sets out the applicable amounts due for those time periods. Moreover, Consolidated's attempt to cast doubt on the accuracy of the CAM charges by pointing to their lack of consistency ignores the plain language of the lease. The lease contemplates that the estimated CAM charges be determined anew prior to each calendar year, and permits those charges to be adjusted "from time-to-time during any such calendar year." In addition, the lease does not state that all tenants will pay the same amount of CAM charges regardless of such factors as the agreed monthly rental amount and the size of the leased premises.

A similar analysis applies to Consolidated's attempt to characterize the "amortized leasing commission" of $13,670.63 and the "amortized tenant improvements" of $42,868.89 as "mere conclusions" rather than facts. Kliarsky's affidavit avers personal knowledge of the facts and identifies the amounts due for leasing commissions and tenant improvements. Also, the identified charges are permitted by the lease. Following the tenant's default on the lease, the lease permits the lessor to recover "Costs of Reletting," which is defined, in part, as "all costs and expenses incurred by Landlord in connection with the reletting of the Premises, including without limitation the cost of cleaning, repairs, and alteration of the Premises for a new tenant or tenants, advertisement, marketing, [and] brokerage and legal fees."

We conclude that the uncontroverted testimony in Kliarsky's affidavit is sufficient to support the amount of damages awarded by the district court in the default judgment against Consolidated.

7

In its third point on appeal, Consolidated argues that there is error on the face of the record because Greit-Amberoaks has not been shown to have standing to bring the underlying cause of action. Consolidated complains that, while Greit-Amberoaks is identified in the petition as the "predecessor in interest" of the landlord for the property at issue, the precise nature of Greit-Amberoaks's interest is not identified.

Standing is a component of subject-matter jurisdiction and, therefore, may be raised for the first time on appeal by the parties. *See Texas Ass'n of Bus. v. Texas Air Control Bd.*, 852 S.W.2d 440, 445-46 (Tex. 1993). Standing requires that there be a real controversy between the parties that will actually be determined by the judicial declaration sought. *Id.* at 446. A default judgment can be held erroneous if the petition does not attempt to state a cause of action that is within the jurisdiction of the court. *See Stoner v. Thompson*, 578 S.W.2d 679, 684-85 (Tex. 1979).

The Plaintiff's Original Petition states a cause of action that is within the jurisdiction of the court. According to the petition, Greit-Amberoaks's predecessor in interest was the landlord under a commercial lease agreement, Consolidated failed to pay amounts due under the agreement, Greit-Amberoaks sustained damages as a result of Consolidated's breach, and, therefore, Greit-Amberoaks is entitled to recover past rents and other charges pursuant to the terms of the agreement. These allegations are deemed admitted. *See Holt Atherton Indus.*, 835 S.W.2d at 83. Thus, the allegations in the petition are sufficient to confer standing on Greit-Amberoaks for its claim for damages against Consolidated under the lease agreement.

Having overruled each of Consolidated's points on appeal, we affirm the default judgment entered by the district court.

_____

G. Alan Waldrop, Justice

Before Chief Justice Law, Justices Waldrop and Henson

Affirmed

Filed:   December 12, 2008