**REVERSE and REMAND; and Opinion Filed August 28, 2019.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-18-01371-CV

**VECTRA INFOSYS, INC., Appellant**

**V.**

**SANDEEP KUMAR ADEMA AND DEEPA CHINTAM, Appellees**

**On Appeal from the 95th District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-17-15170**

## MEMORANDUM OPINION

Before Chief Justice Burns, Justice Richter,[1] and Justice Rosenberg[2]
Opinion by Justice Richter

This is an accelerated appeal from the trial court's order denying Vectra Infosys, Inc.'s

motion to compel Sandeep Kumar Adema's breach of employment contract and quantum meruit

claims to arbitration. In two issues, Vectra asserts the trial court erred in denying the motion

because (1) Adema's claims are within the scope of the employment contract's arbitration clause

and (2) it did not waive its right to arbitration. Because Adema did not dispute at trial, nor does

he on appeal, that the claims are subject to arbitration and the trial court did not find the claims

---

[1] The Hon. Martin Richter, Justice of the Court of Appeals for the Fifth District of Texas at Dallas, Retired, sitting by assignment.

[2] The Hon. Barbara Rosenberg, Justice of the Court of Appeals for the Fifth District of Texas at Dallas, sitting by assignment.

were not arbitrable,[3] we address only the waiver issue. *See* TEX. R. APP. P. 47.1. For the reasons that follow, we reverse and remand.

## BACKGROUND

Vectra filed its motion to compel arbitration pursuant to section 171.021 of the Texas Civil Practice and Remedies Code. *See* TEX. CIV. PRAC. & REM. CODE § 171.021. The motion was filed on August 10, 2018, nine months after Adema filed suit. Adema filed a response, supported only by counsel's affidavit, and argued Vectra had waived its right to compel arbitration because it had substantially invoked the judicial process. Adema noted in the response that, during the nine months between the date suit was filed and the date the motion was filed, Vectra had, in chronological order,

- filed an original answer and affirmative defenses;

- served requests for written discovery, including fifteen interrogatories and thirty-three requests for production, which "related to [the] merits of the case as a whole";

- filed a third-party complaint against his sister, Deepa Chintam;

- taken his deposition, which like the written discovery "related to the merits of the case as a whole";

- filed a no-evidence motion for summary judgment, requiring him "to file a response and reveal [his] legal arguments, evidence, and strategy";

- filed a motion to quash his deposition of Vectra's president and corporate representative;

- entered into a rule 11 agreement allowing him to take depositions before it moved forward with its summary judgment motion; and,

- filed a demand for jury trial.[4]

---

[3] A party seeking to compel arbitration must first establish that a valid arbitration agreement exists and that the claims in question are within the scope of the agreement. *See Rachal v. Reitz*, 403 S.W.3d 840, 843 (Tex. 2013).

[4] The record reflects Vectra had also included a jury demand in its original answer, and Adema had included a jury demand in his original petition.

Adema also noted that Vectra filed the motion to compel three weeks before the trial setting, although the trial setting was subsequently continued at his and Chintam's request, and did not set the motion for hearing until five weeks later, after he had moved for summary judgment that "included sworn [deposition] testimony from Vectra's president that acknowledged" Adema was owed "the contractual damages" demanded. Finally, Adema noted that Vectra had set for hearing a motion for protective order regarding third-party plaintiff's depositions, but failed to appear for the hearing. Comparing Vectra's conduct to the conduct of the plaintiffs in *Perry Homes v. Cull*, 258 S.W.3d 580 (Tex. 2008), Adema asserted Vectra's conduct prejudiced him as Vectra "sought to have it both ways by switching between litigation and arbitration to its own advantage[,] obtain[ing] extensive discovery under one set of rules and now seek[ing] to arbitrate . . . under another, delay[ing] disposition by switching to arbitration when trial was imminent, and obtain[ing] orders from the court while limiting [his] and [Chintam's] rights to appellate review."[5]

In a reply and at the hearing on the motion, Vectra explained it had not filed the motion to compel earlier because its ownership had changed and it was unaware the employment contract included an arbitration clause until its current and former owners were deposed shortly before the motion to compel was filed.[6] Vectra also argued Adema's response to the motion failed to include any evidence of prejudice and noted that Chintam had "just received permission to join a new party to this suit," and the new party had not yet been served.

Adema disputed Vectra's claim that it had only learned of the arbitration clause shortly before it filed the motion to compel, arguing the employment contract was produced in discovery two months after suit was filed.[7] Noting generally the various litigation activities in which Vectra

---

[5] Although Vectra sought only to compel arbitration of Adema's claims against him, Chintam also filed a response to the motion to compel. Chintam subsequently filed a sur-reply, acknowledging that Vectra's motion did not seek to compel arbitration of Vectra's third-party claims against her or counterclaims she filed against Vectra.

[6] Attached to the reply was a copy of Vectra's request for production of documents to Adema and excerpts of its deposition of Adema.

[7] We note the excerpts of Adema's deposition reflect he denied he had a written employment contract with Vectra, and Vectra's no-evidence motion for summary judgment, filed six months after suit was filed, alleged no employment contract existed.

had engaged prior to filing its motion to compel arbitration, Adema also disputed Vectra's claim that he failed to include evidence of prejudice. Adema asserted he would be prejudiced by the "inherent unfairness," recognized in *Perry Homes*, that results from having to switch to arbitration after extensive litigation and because he would be responsible for half the cost of arbitration. Adema, however, did not offer any evidence in support or ask the trial court to take judicial notice of the court's file.[8]

Although noting in the midst of the hearing that he did not "have a record" showing the impact the cost of arbitration would have on Adema, the trial judge found "that to allow the case to be . . . compelled to arbitration at this point would result in inherent unfairness or prejudice to [Adema]" and denied the motion. The trial court's written order recites the court considered only the motion, responses, and pleadings on file. It is important to note the trial court considered no evidence.

## APPLICABLE LAW

Texas law has historically favored the settlement of disputes by arbitration but also recognized that a party may waive the right to arbitrate by substantially invoking the judicial process to the detriment of the other party. *Perry Homes*, 258 S.W.3d at 589-90; *L.H. Lacy Co. v. City of Lubbock*, 559 S.W.2d 348, 351 (Tex. 1977). Because the law favors arbitration, however, a strong presumption exists against waiver and the party asserting waiver bears a heavy burden of proof. *RSL Funding, LLC v. Pippins*, 499 S.W.3d 423, 430 (Tex. 2016) (per curiam); *Perry Homes*, 258 S.W.3d at 590. Both a substantial invocation of the judicial process and prejudice must be shown; without a showing of both, the high burden is not met. *See Perry Homes*, 258

---

[8] In a footnote, the dissent notes deposition excerpts showing Vectra's refusal to answer questions were admitted by the trial judge "into the record on the arbitration questions" during a hearing on a motion for protective order that concerned the third parties and immediately followed the hearing on the motion to compel arbitration. The deposition questions were posed by Chintam to Vectra's president, who is also Chintam's ex-husband, and related to seemingly outside matters. In admitting the excerpts, which were offered by Chintam, the trial judge stated "[he] had not focused on the really unique prejudice to [Chintam]" when "discussing the arbitration matter."

S.W.3d at 595; *see also LaLonde v. Gosnell*, No. 16-0966, 2019 WL 2479172, at *3 (Tex. June 14, 2019) (substantial invocation of judicial process and prejudice are distinct concepts).

Whether a party has waived the right to arbitration is decided on a case-by-case basis, considering the totality of the circumstances. *Perry Homes,* 258 S.W.3d. at 591. Factors in determining whether the party has substantially invoked the judicial process include whether the party seeking to compel arbitration is the plaintiff or defendant, when he knew of the arbitration clause, and whether he sought judgment on the merits; how much discovery has been conducted, who initiated it, whether it related to the merits rather than arbitrability or standing, and how much of it would be useful in arbitration; and, the proximity in time between the trial setting and the filing of the motion to compel. *Henry v. Cash Biz, LP*, 551 S.W.3d 111, 117 (Tex. 2018); *Perry Homes*, 258 S.W.3d at 591-92. No single factor is dispositive, and the record must unequivocally show that the party seeking arbitration has taken specific and deliberate actions, after suit is filed, that are inconsistent with the right to arbitrate or has actively tried, but failed, to obtain a satisfactory result through litigation before turning to arbitration. *See RSL Funding*, 499 S.W.3d at 430; *Perry Homes*, 258 S.W.3d at 593; *Pilot Travel Ctrs. LLC v. McCray*, 416 S.W.3d 168, 183 (Tex. App.—Dallas 2013, no pet.).

In determining whether the party asserting waiver has been prejudiced, courts consider three factors: delay, expense, and damage to a party's legal position. *See Perry Homes*, 258 S.W.3d at 597 (quoting *Republic Ins. Co. v. PAICO Receivables, LLC*, 383 F.3d 341, 346 (5th Cir. 2004)). These factors are considered together to determine what effect the litigation activities that occurred during the period of delay had on the party opposing arbitration or, stated differently, "when a party can no longer take it back." *See Hogg v. Lynch, Chappell & Alsup, P.C.*, 480 S.W.3d 767, 791, 796 (Tex. App.—El Paso 2015, no pet.) (quoting *Perry Homes*, 258 S.W.3d at 595). The party asserting waiver need prove only the fact of prejudice, not the extent, but must show

more than theoretical harm. *See In re Nationwide Ins. Co. of Am.*, 494 S.W.3d 708, 714 (Tex. 2016) (orig. proceeding) (considering waiver by litigation conduct in context of forum-selection clause); *Perry Homes*, 258 S.W.3d at 599. Courts have found the burden satisfied where the record showed the party seeking to compel arbitration initially opposed arbitration, conducted extensive discovery, and moved for arbitration on the "eve" of trial; conducted discovery and moved for arbitration after the opposing party filed its trial fact and expert witness lists; and moved for arbitration after receiving an adverse discovery ruling and anticipating being sanctioned. *See Perry Homes*, 258 S.W.3d at 597; *Hogg*, 480 S.W.3d at 796; *Ellman v. JC Gen. Contractors*, 419 S.W.3d 516, 522 (Tex. App.—El Paso 2013, no pet.). In cases where prejudice has been found, the records have generally consisted of evidence admitted at the hearing on the motion to compel or, at a minimum, the court's judicially noticed file. *See*, *e.g.*, *Perry Homes*, 258 S.W.3d at 595 (judicially noticed court file); *id.* at 603 (Johnson, J., concurring in part and dissenting in part) (testimony and evidence); *Tuscan Builders, LP v. 1437 SH6 L.L.C.*, 438 S.W.3d 717, 720 (Tex. App.—Houston [1st Dist.] 2014, pet. denied) (op. on reh'g) (evidentiary hearing); *Adams v. StaxxRing, Inc.*, 344 S.W.3d 641, 647 (Tex. App.—Dallas 2011, pet. denied) (documents and testimony); *Holmes, Woods, & Diggs v. Gentry*, 333 S.W.3d 650, 655 (Tex. App.—Dallas 2009, no pet.) (judicially noticed court file, counsel's affidavit, deposition excerpts); *Citizens Nat'l Bank v. Bryce*, 271 S.W.3d 347, 355 (Tex. App.—Tyler 2008, orig. proceeding) (judicially noticed court file).

On appeal, whether the right to arbitrate has been waived is a matter of law we determine de novo. *RSL Funding*, 499 S.W.3d at 430. In making our determination, we limit our review to the record before the trial judge at the time of the ruling and resolve any doubts as to waiver in favor of arbitration. *See Perry Homes*, 258 S.W.3d at 593, 596 n.89; *Vanscot Concrete Co. v. Bailey*, 862 S.W.2d 781, 783 (Tex. App.—Fort Worth 1993) ("Our duty, as an appellate court, is

–6–

to consider only the testimony adduced and the evidence tendered and/or admitted at the time of trial."), *aff'd*, 894 S.W.2d 757 (Tex. 1995); *Gould v. City of El Paso*, 440 S.W.2d 696, 699 (Tex. App.—El Paso 1969, writ ref'd n.r.e.) ("It is elementary that when an appellate court is called upon to revise the ruling of a trial court, it must do so upon the record before that court when such ruling was made.").

## DISCUSSION[9]

As the party asserting waiver, Adema bore a heavy burden of proof. *RSL Funding*, 499 S.W.3d at 430. Not only did he have to prove Vectra substantially invoked the judicial process, but he also had to prove he was prejudiced by Vectra's actions. *See Perry Homes*, 258 S.W.3d at 594. In its second issue, Vectra asserts, in part, that Adema failed to satisfy his burden as to prejudice. We agree.

While counsel's affidavit in support of Adema's response addressed Vectra's litigation conduct, it did not address prejudice, and his argument at the hearing before the trial court did not show prejudice either. Adema's arguments to the trial court, as further elaborated in his written and oral argument to us, asserted that prejudice

(1) can be presumed based on Vectra's conduct alone;

(2) is shown by the fact that the arbitration clause makes him responsible for half the cost of arbitration as "there is no question that the cost would be substantially more than he would have to pay to proceed in the trial court[]" because the arbitrator could allow further discovery, including depositions, and might have to consider the summary judgment motions the parties filed in the trial court or conduct a hearing to render a decision; and,

(3) is shown by the fact that, if the case is arbitrated and the award is unfavorable to him, his appellate rights would be limited because great deference is given to an arbitrator's award on appeal.

[9] Chintam has filed a responsive brief in the appeal, but because Vectra did not move to compel arbitration as to her and the record does not reflect the trial court's ruling concerned any claims other than Adema's claims against Vectra, we limit our discussion to Adema's claims.

Theoretical harm, however, is not sufficient, and no presumptions exist as to prejudice. *See In re Nationwide Ins.*, 494 S.W.3d at 714; *Perry Homes*, 258 S.W.3d at 601 (O'Neill, J., concurring) (writing separately to note her belief that "[i]n some circumstances, a party's invocation of the judicial process may be so substantial that a court *could* presume the party resisting arbitration has been prejudiced and the right to arbitration has been waived") (emphasis added). Actual prejudice must be shown and is a legal question that cannot "simply [be] abandon[ed] to the trial court." *In re Nationwide Ins.*, 494 S.W.3d at 714; *Perry Homes*, 258 S.W.3d at 595, 598.

Adema relies heavily on *Perry Homes*, where the Texas Supreme Court found waiver of arbitration for the first time. *See Perry Homes*, 258 S.W.3d at 589-90. The plaintiffs in *Perry Homes,* the Culls, sued two warranty companies and a homebuilder after experiencing "serious structural and drainage problems" with their house. *Id.* at 585. The warranty companies "immediately" moved for arbitration, but the Culls "vigorously opposed it"[10] and began seeking "extensive discovery." *Id.* The warranty companies did not obtain a ruling on their motions, and the case was set for trial. *Id.* Over the course of approximately fourteen months leading to trial, the Culls served requests for disclosure; filed five motions to compel discovery, "attached to which were 76 requests for production of documents regarding complaints, inspections, repairs, and settlements relating to eight other homes in the same subdivision"; noticed six "designees" for deposition on nine issues and requested from them "67 categories of documents"; and, noticed depositions for three of the defendants' experts with "24 categories of documents requested from each." *See id.* at 595-96. After most of the discovery had been completed, the Culls moved to compel arbitration. *Id.* at 585. The trial court granted the motion, finding the defendants had not shown they were prejudiced. *Id.* The supreme court disagreed. *Id.* at 597. Citing the trial court's

---

[10] The Culls filed a seventy-nine page objection, which asserted the American Arbitration Association ("AAA") was "incompetent" and "bias[ed]" and "fail[ed] to provide fair and appropriate arbitration panels"[;] complained of the AAA's fees; and argued that enforcement of the arbitration clause "would be nothing short of ridiculous and absurd." *Id.* at 596.

file, of which the trial judge took judicial notice, the supreme court concluded the Culls' initial opposition to arbitration and then insistence on it "when trial was imminent," extensive discovery, and obtaining orders concerning discovery and limiting the defendants' right to appellate review constituted "manipulation of litigation" that created an " inherent unfairness" that prejudiced the defendants. *Id.*

Adema asserts Vectra's litigation conduct was as manipulative as the Culls' and, therefore, as prejudicial. The record before the trial court in *Perry Homes*, however, included the entire court's file, testimony, and evidence. From that record, the supreme court was able to determine the scope of discovery and the nature of the discovery motions filed as well as the vigor with which the Culls initially opposed arbitration. By contrast, the trial court here considered only the pleadings, motion, and responses. These documents outline relevant dates, list Vectra's litigation conduct, describe Vectra's discovery requests as "related to the merits of the case as a whole," and characterize certain deposition testimony but do not provide us a basis from which we can determine the scope of discovery, how Adema responded, the character and context of deposition testimony, or the effect on Adema's legal position.[11] *See LaLonde*, 2019 WL 2479172, at *3 (substantial invocation of judicial process and prejudice are distinct concepts); *In re Vesta Ins. Grp.*, 192 S.W.3d 759, 763 (Tex. 2006) (per curiam) (prejudice not shown where discovery requests not offered and no details provided about any of the requests preventing court from determining whether discovery requests were limited or extensive, sought information for affirmative claims or defensive ones, or even whether they addressed the merits of the case or "merely" the arbitration issue); *Archer W. Constr. LLC v. Beaird Drilling Serv., Inc.*, No. 05-18-00140-CV, 2018 WL 6566686, at *3-4 (Tex. App.—Dallas Dec. 13, 2018, no pet.) (mem. op.)

---

[11] The dissent finds prejudice from Vectra's requesting a hearing on his motion to compel only after Adema filed a summary judgment motion that was premised on a "key" admission by Vectra's president in his deposition that Adema was owed his contractual damages. The dissent presumes summary judgment would have been granted in Adema's favor but fails to consider that Vectra asserted affirmative defenses.

(prejudice not shown where no evidence existed that appellee's legal position was harmed by appellant's delay in filing motion to compel arbitration and other litigation activity and no evidence supported assertions that delay was attempt to move litigation forward to appellant's own benefit and to appellee's detriment or that participating in arbitration would result in economic hardship to appellee).

The dissent takes the position that Adema's counsel's affidavit and arguments at the hearing together showed the *fact* of prejudice, which is all that is required. While there is no dispute that Vectra engaged in discovery and other litigation activities, the record does not show that it obtained any information that could not be obtained in arbitration. *See Archer W. Constr., LLC*, 2018 WL 6566686, at *4. And argument is not evidence from which a fact can be proven. The dissent also takes the position that, in conducting our review, we can presume the trial court took judicial notice of its file.[12] The presumption that a trial court took judicial notice of its file, however, does not exist where, as here, the judgment recites exactly what the court considered. *See MJR Fin, Inc. v. Marshall*, 840 S.W.2d 5, 9 (Tex. App.—Dallas 1992, orig. proceeding); *Minyard v. S. Pipe & Supply Co.,* 563 S.W.2d 332, 334 (Tex. App.—Dallas 1978, writ ref'd n.r.e.). But even considering the clerk's record, we disagree the filed documents provide the necessary evidence to demonstrate Adema's prejudice. The clerk's record contains no evidence that the trial preparation and "litigation efforts" would not also be useful in arbitrating Adema's claims as required to defeat a motion to compel arbitration. *See Archer W. Constr., LLC*, 2018 WL 6566686, at *4. Nor does the file provide evidence that the delay or other activity harmed Adema's legal position. *See id.* We conclude Adema failed to satisfy his burden of establishing prejudice. Accordingly, we sustain Vectra's second issue to the extent it concerns prejudice, reverse the trial

---

[12] Even if we presumed the trial court took judicial notice of its file, the file, as characterized by the dissent, does not include any more than that described in Adema's counsel's affidavit, filed in support of Adema's opposition to the motion to compel.

court's order denying Vectra's motion to compel arbitration, and remand the case to the trial court for entry of an order compelling Adema's claims against Vectra to arbitration. The trial court's order shall also include a stay of the proceedings in accordance with section 171.025 of the civil practice and remedies code. *See* TEX. CIV. PRAC. & REM. CODE § 171.025.


/Martin Richter/
MARTIN RICHTER
JUSTICE, ASSIGNED


Burns, C.J., dissenting

181371F.P05



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

VECTRA INFOSYS, INC., Appellant

No. 05-18-01371-CV     V.

SANDEEP KUMAR ADEMA AND
DEEPA CHINTAM, Appellees

On Appeal from the 95th District Court,
Dallas County, Texas
Trial Court Cause No. DC-17-15170.
Opinion delivered by Justice Richter. Chief
Justice Burns and Justice Rosenberg
participating.

In accordance with this Court's opinion of this date, the order of the trial court is **REVERSED** and this cause is **REMANDED** to the trial court for further proceedings consistent with this opinion.

It is **ORDERED** that the parties bear their own costs of this appeal.

Judgment entered this 28th day of August, 2019.