TEXAS DEPARTMENT OF PUBLIC
SAFETY, Appellant,

v.

Epigmenio TORRES, Appellee.

No. 2–00–212–CV.

Court of Appeals of Texas,
Fort Worth.

Aug. 2, 2001.

Tim Freemyer, ALR Hearing Atty., Fort Worth, for Appellant.

Kevin M. Givens, Supervision Atty., ALR Appeals, Austin, for Appellee.

PANEL F: DAY, LIVINGSTON and HOLMAN, JJ.

## OPINION

HOLMAN, Justice.

Appellant Texas Department of Public Safety (DPS) appeals the trial court's judgment affirming an administrative decision to deny the suspension of Appellee Epigmenio Torres' driver's license. We reverse and remand.

### FACTUAL AND PROCEDURAL BACKGROUND

On June 13, 1999, Parker County Deputy Sheriff Cyrus E. Crum observed a red 1996 Chevrolet pickup being driven by Torres on the south service road of I 20 at FM 51 in Weatherford. Crum observed a passenger in the pickup was not wearing a seatbelt. Crum initiated a traffic stop of the pickup and approached Torres. Crum noticed a strong smell of an alcoholic beverage on Torres' breath and person and saw his eyes were watery, glassy, and bloodshot. Torres swayed while walking and standing. In addition, Torres used the tailgate of the pickup for support.

Crum administered two field sobriety tests to Torres, the horizontal gaze nystagmus (HGN) and the one-leg stand. During the HGN test, Crum observed six clues of impairment. When Torres was attempting the one-leg stand, Crum observed him sway while balancing, use his arms for balance, and put his foot down four times. Torres was arrested for driving while intoxicated, and Crum asked him to give a breath specimen. Torres refused to give a specimen.

DPS served a notice of suspension upon Torres based on his refusal to submit to a breath alcohol concentration test. Torres requested a hearing on the suspension. On September 13, 1999, an administrative hearing was held before an Administrative Law Judge (ALJ) of the State Office of Administrative Hearings (SOAH). The ALJ issued an administrative decision denying the suspension. DPS appealed the administrative decision to the County Court at Law of Parker County. On March 6, 2000, the trial court heard the appeal. On May 18, 2000, the court entered judgment affirming the decision of the ALJ. On June 16, 2000, DPS filed its notice of appeal to this court.

### REASONABLE SUSPICION

In its sole issue, DPS contends that an officer who stops a vehicle because he sees a passenger commit an offense may pursue an independent suspicion that the driver is intoxicated.

### Administrative Hearing

At the administrative hearing, DPS offered three exhibits into evidence. The exhibits were Deputy Crum's sworn report, the statutory warning, and the supplemental probable cause affidavit. The ALJ admitted the three exhibits into evidence, and DPS rested its case. Torres then testified that he could not recall Crum reading him the statutory warnings or advising him of the statutory consequences of refusing to give a breath specimen. Torres stated that he told Crum that he would not give a breath specimen because he was very angry and was not drunk. The ALJ concluded the hearing.

In its administrative decision, the ALJ found that Crum stopped the pickup Torres was driving because one of the passengers was not wearing a seat belt, reason-

able suspicion to stop Torres' vehicle or probable cause to arrest the passenger existed, and that Crum proved no connection between the reason for the stop and any action or law violation on Torres'[1] part. The ALJ then stated it could not find that reasonable suspicion to stop or probable cause to arrest Torres existed. Accordingly, the judge concluded that the evidence presented was insufficient to establish all the issues or elements set out in section 724.043 of the transportation code by a preponderance of the evidence. *See* TEX. TRANSP. CODE ANN. § 724.043 (Vernon 1999).

### Standard of Review

■ Substantial evidence is the standard of review for judicial review by a county court at law of an administrative decision in a license revocation hearing. TEX. GOV'T CODE ANN. § 2001.174 (Vernon 2000). However, the interpretation of a statute, such as in this case, is a pure question of law over which a judge has no discretion. *Lozano v. Lozano,* 975 S.W.2d 63, 66 (Tex.App.—Houston [14th Dist.] 1998, pet. denied); *Kazmir v. Suburban Homes Realty,* 824 S.W.2d 239, 243 (Tex. App.—Texarkana 1992, writ denied). We review questions of law de novo. *In re Humphreys,* 880 S.W.2d 402, 404 (Tex.), *cert. denied,* 513 U.S. 964, 115 S.Ct. 427, 130 L.Ed.2d 340 (1994). An administrative decision is subject to reversal if it is affected by an error of law. TEX. GOV'T CODE ANN. § 2001.174(2)(D). We will reverse the trial court's decision if we find the trial court erred and the error probably caused the rendition of an improper judgment. *Tex. Dep't of Pub. Safety v. Jimenez,* 995 S.W.2d 834, 838 (Tex.App.—Austin 1999, no pet.).

### Reasonableness of Stop

■ A violation of a traffic law in an officer's presence is sufficient authority for an initial stop of a vehicle. *Armitage v. State,* 637 S.W.2d 936, 939 (Tex.Crim.App. 1982); *Valencia v. State,* 820 S.W.2d 397, 400 (Tex.App.—Houston [14th Dist.] 1991, pet. ref'd).

After an officer has validly stopped a vehicle for a traffic offense, the officer may conduct a brief investigative detention of the occupants of the vehicle, based upon his observations of suspicious activity by the occupants of the vehicle before and after the stop, combined with his knowledge of the area and the frequency of crime in the area, and the reasonable inferences to be drawn from the behavior of the occupants of the vehicle.

*Valencia,* 820 S.W.2d at 400; *see also Goodwin v. State,* 799 S.W.2d 719, 727 (Tex.Crim.App.1990), *cert. denied,* 501 U.S. 1259, 111 S.Ct. 2913, 115 L.Ed.2d 1076 (1991). A routine traffic stop is a temporary investigative detention. *Berkemer v. McCarty,* 468 U.S. 420, 439, 104 S.Ct. 3138, 3150, 82 L.Ed.2d 317 (1984); *Armitage,* 637 S.W.2d at 939.

In its sole point, DPS contends that the ALJ erred because neither the transportation code nor the SOAH's rules require that the actual reason for the stop be related to the probable cause to arrest for DWI. The transportation code and the SOAH's administrative rules require DPS prove four elements in order to be authorized to suspend the driver's license of a person who has refused to submit a specimen: (1) reasonable suspicion to stop or contact the driver; (2) probable cause to believe that the person was driving a motor vehicle in a public place while intoxi-

---

1. Although the findings of fact state that there was a "law violation on Crum's part," we believe the ALJ actually meant there was a "law violation on [Torres'] part."

cated; (3) actual arrest and request for a specimen; (4) refusal to give a specimen. TEX. TRANSP. CODE ANN. § 724.042; 1 TEX. ADMIN. CODE § 159.19(a)(1)(B) (Supp. 2000), *available at* http://info.sos.state.tx.us/pub/plsql/read-tac$ext.ViewTAC (Title 1, Pt. 7, Ch. 159, Rule § 159.19). If the DPS proves these elements by a preponderance of the evidence, the ALJ is required to authorize the suspension of the subject's license. 1 TEX. ADMIN. CODE § 159.19(a)(1)(B).

■ In this case, the record establishes that Crum observed the front seat passenger in Torres' car not wearing a seat belt. The failure to wear a seat belt while in the front seat of a vehicle is a violation of section 545.413 of the transportation code. TEX. TRANSP. CODE ANN. § 545.413 (Vernon Supp.2001). The ALJ found that there was reasonable suspicion to stop the pickup and probable cause to arrest the passenger for failure to wear a seatbelt but that Crum did not prove a connection between the reason for the stop and the reason for Torres' arrest. Furthermore, the ALJ found that probable cause existed to believe Torres was operating a motor vehicle in a public place while intoxicated, that he was placed under arrest and properly asked to submit a specimen of his breath, and that he refused to submit a specimen.

■ Contrary to the contention made by the ALJ, there is no legal authority stating that the DPS is required to prove a connection between the reason for the stop and the reason for Torres' arrest. It is well established that once an officer has reasonable suspicion to stop a vehicle, as in this case, he may conduct an investigative detention of everyone in the vehicle. *Graham v. State*, 893 S.W.2d 4, 7 (Tex.App.— Dallas 1994, no pet.).

Furthermore, we agree with the fifth circuit's holding that stopping a vehicle and arresting the driver for an unrelated offense is valid when an officer initially stops the vehicle because a passenger was not wearing a seat belt. *U.S. v. Ramirez*, 145 F.3d 345, 353 (5th Cir.), *cert. denied*, 525 U.S. 1046, 119 S.Ct. 602, 142 L.Ed.2d 543 (1998). In *Ramirez*, the car that the defendant was driving was stopped because a passenger in the car was not wearing a seat belt. The officer warned the passenger about not wearing a seat belt and then contacted and questioned the driver, who was arrested for drug trafficking. The court found the stop of the vehicle was valid and that the officer properly contacted the driver. *Id.*

Therefore, because the DPS was not required to prove that Torres was arrested for the traffic offense for which he was originally stopped and because the ALJ determined that Crum stopped Torres for his passenger's failure to wear a seat belt, the DPS established the four elements required under section 724.042 of the transportation code by a preponderance of the evidence. Accordingly, the ALJ erred by denying the requested suspension of Torres' driver's license. After reviewing the record de novo, we hold that the county court erred by affirming the administrative decision. We sustain the DPS' sole issue.

CONCLUSION

We reverse the county court's order upholding the administrative decision that DPS is not authorized to suspend Torres' license. We remand to the trial court for further proceedings consistent with this opinion.