COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

                                        NO.
2-07-459-CV

 

 

TEXAS
DEPARTMENT OF                                                      APPELLANT

PUBLIC SAFETY

 

                                                   V.

 

FRANK
RILEY GILFEATHER                                                      APPELLEE

 

 

                                              ------------

 

                 FROM COUNTY
COURT AT LAW OF WISE COUNTY

 

                                              ------------

 

                                OPINION ON REHEARING

 

                                              ------------

                                          I.  Introduction

After considering Appellant Texas Department of
Public Safety=s motion for rehearing en banc,
we grant the motion, withdraw our opinion and judgment dated March 5, 2009, and
substitute the following.








In one issue, the Department challenges the trial
court=s
reversal of an administrative law judge=s (AALJ@) order
suspending Appellee Frank Riley Gilfeather=s driver=s
license.  We reverse the trial court=s
judgment and render judgment reinstating the ALJ=s order.

                              II.  Factual and Procedural History      

Shortly after midnight on December 12, 2006,
Trooper Chris Markin stopped Gilfeather for speeding but let him go with a
warning.  In a separate incident
approximately five minutes later, Trooper Christopher Petty stopped Gilfeather
for driving 68 m.p.h. in a 55 m.p.h. speed zone.[1]

Upon making contact with Gilfeather, Trooper
Petty asked him for his driver=s
license and insurance.  Instead of
handing Trooper Petty the requested items, Gilfeather handed him the warning
that Trooper Markin had just given him. 
While talking to Gilfeather, Trooper Petty noticed an odor of alcohol
coming from the vehicle and saw that Gilfeather had red, bloodshot, glassy
eyes.  Trooper Petty asked Gilfeather to
step out of the vehicle to determine if the odor was coming from Gilfeather or
the vehicle.  Gilfeather did not stagger
as he stepped out of the car, but Trooper Petty did notice that Gilfeather
swayed as he walked and as he stood on the side of the road.  Trooper Petty detected a strong odor of
alcohol on Gilfeather=s breath and decided to
administer field sobriety tests. 
Gilfeather refused to participate in the tests.








Based on his observations, Trooper Petty arrested
Gilfeather for driving while intoxicated. 
After the arrest, Trooper Petty asked Gilfeather to take a breath
test.  Gilfeather refused and signed a
warning form acknowledging that if he refused the breath test, his license
would be suspended for not less than 180 days.

Gilfeather=s
license was subsequently suspended. 
Gilfeather requested an administrative hearing to contest the
suspension.  At the hearing, the
Department=s evidence consisted of Trooper
Petty=s
offense report and his testimony. 
Gilfeather testified on his own behalf. 
After the hearing, the ALJ issued an order sustaining the suspension of
Gilfeather=s driver=s
license.  Gilfeather appealed the
decision to the Wise County Court at Law, which reversed the ALJ=s
decision.  The Department now appeals.

                                    III.  Standard of Review








A review in the county court at law or county
court of an administrative license suspension is conducted under the
substantial evidence standard of review. 
See Mireles v. Tex. Dep=t of
Pub. Safety, 9 S.W.3d 128, 131 (Tex. 1999).  Under this standard, the reviewing court
cannot replace the ALJ=s judgment with its own.  See id.; R.R. Comm=n of
Tex. v. Torch Operating Co., 912 S.W.2d 790, 792 (Tex. 1995).  If the ALJ=s
decision is supported by more than a scintilla of evidence, that decision must
be upheld.  See Torch Operating Co.,
912 S.W.2d at 792B93.  However, a trial court may reverse an ALJ=s
determination if a substantial right of the appellant has been prejudiced
because the ALJ=s findings, inferences,
conclusions, or decisions are not reasonably supported by substantial evidence
considering the record as a whole.  See
Tex. Gov=t Code
Ann. '
2001.174(2)(E) (Vernon 2008).

The court of appeals reviews the trial court=s
substantial evidence review de novo.  Tex.
Dep't of Pub. Safety v. Valdez, 956 S.W.2d 767, 769 (Tex. App.CSan
Antonio 1997, no pet.).  The issue for
the reviewing court is not whether the ALJ=s
decision was correct but only whether the record demonstrates some reasonable
basis for the ALJ=s decision.  See Tex. Dep't of Pub. Safety v. Fisher,
56 S.W.3d 159, 162 (Tex. App.CDallas
2001, no pet.) (citing Mireles, 9 S.W.3d at 131).  Courts must affirm administrative findings in
contested cases if there is more than a scintilla of evidence to support them,
even if the findings are against the preponderance of the evidence.  See id. 
If the evidence is conflicting, the court must defer to the ALJ=s
factual findings.  See Brown v. Tex.
Dep=t of Ins., 34
S.W.3d 683, 689 (Tex. App.CAustin
2000, no pet.).

                                          IV.  Discussion








In its sole issue, the Department asserts that
the trial court erred in reversing the ALJ=s
decision to sustain the suspension of Gilfeather=s
license because there was substantial evidence to support each of the findings
required to do so.  We agree.

Pursuant to the transportation code, if a person
is arrested and the peace officer making the arrest has reasonable grounds to
believe that the person is driving while intoxicated, specimens of the person=s breath
or blood may be taken.  See Tex.
Transp. Code Ann. ' 724.012(a)(1) (Vernon Supp.
2008).  If the person refuses to submit
to the taking of a specimen, the Department shall suspend the person=s
license to operate a motor vehicle on a public highway for 180 days.  Id. '
724.035(a)(1) (Vernon Supp. 2008).  If a
person=s
license is suspended under this chapter, that person may request a hearing on
the suspension.  Id. ' 724.041
(Vernon Supp. 2008).  At the hearing, the
Department must prove the following:

(1) reasonable suspicion or probable cause
existed to stop or arrest the person;

(2) probable cause
existed to believe that the person was:

 

(A) operating a motor
vehicle in a public place while intoxicated; . . .

 

. . . .

(3) the person was placed under arrest by the
officer and was requested to submit to the taking of a specimen; and

(4) the person refused to submit to the taking of
a specimen on request of the officer.








Id. ' 724.042
(Vernon Supp. 2008).

Here, the undisputed evidence showed that Trooper
Petty placed Gilfeather under arrest, that Trooper Petty requested a specimen
from Gilfeather, and that Gilfeather refused to give a specimen.  Thus, the only two contested issues are (1)
whether Trooper Petty had reasonable suspicion or probable cause to stop or
arrest Gilfeather and (2) whether Trooper Petty had probable cause to believe
that Gilfeather was driving while intoxicated.

1. 
Reasonable Suspicion to Stop Gilfeather

An officer conducts a lawful stop when he has
reasonable suspicion to believe that an individual is violating the law.  Ford v. State, 158 S.W.3d 488, 492
(Tex. Crim. App. 2005).  Reasonable
suspicion exists if the officer has specific, articulable facts that, when
combined with rational inferences from those facts, would lead him to
reasonably conclude that a particular person actually is, has been, or soon
will be engaged in criminal activity.  Id.;
Garcia v. State, 43 S.W.3d 527, 530 (Tex. Crim. App. 2001).  Under this standard, we look to whether an
objective basis for the stop existed while considering the totality of the
circumstances.  Ford, 158 S.W.3d
at 492B93.  An officer may stop a driver if he has
reasonable suspicion that a traffic violation was in progress or had been
committed.  Fisher, 56 S.W.3d at
163.








After reviewing the administrative record, we
conclude that substantial evidence supports the ALJ=s
reasonable suspicion determination. 
Specifically, Trooper Petty testified that Gilfeather had been driving
68 m.p.h. in a 55 m.p.h. zone.  Trooper
Petty further testified that he had used radar equipment to determine
Gilfeather=s speed.  Thus, Trooper Petty had reasonable suspicion
to stop Gilfeather for the offense of speeding.[2]  See id.; see also Tex. Transp.
Code Ann. ' 545.351 (Vernon 1999)
(declaring that speeding is a traffic violation for which an officer may
lawfully stop and detain a person). 
Accordingly, the Department satisfied the first contested issue under
section 724.042.

2. 
Probable Cause that Gilfeather was Driving While Intoxicated








Probable cause for a warrantless arrest exists
if, at the moment the arrest is made, the facts and circumstances within the
arresting officer=s knowledge and of which he has
reasonably trustworthy information are sufficient to warrant a prudent man as
believing that the person arrested had committed or was committing an
offense.  Beck v. Ohio, 379 U.S.
89, 91, 85 S. Ct. 223, 225 (1964).  AAn
offense is deemed to have occurred within the presence or view of an officer
when any of his senses afford him an awareness of its occurrence.@  State v. Steelman, 93 S.W.3d 102, 107
(Tex. Crim. App. 2002).  The test for
probable cause is an objective one, unrelated to the subjective beliefs of the
arresting officer, and it requires a consideration of the totality of the
circumstances facing the arresting officer.  Maryland v. Pringle, 540 U.S. 366, 371,
124 S. Ct. 795, 800 (2003); Beck, 379 U.S. at 96B97, 85
S. Ct. at 228.  A finding of probable
cause requires Amore than bare suspicion@ but Aless
than . . . would justify . . . conviction.@  Brinegar v. United States, 338 U.S.
160, 175, 69 S. Ct. 1302, 1310 (1949).








Speeding can indicate impaired mental judgment
and, therefore, is a factor to be considered as part of the totality of the
circumstances.  See, e.g., Arthur v.
State, 216 S.W.3d 50, 55B56 (Tex.
App.CFort
Worth 2007, no pet.); see also State v. Cullen, 227 S.W.3d 278, 282
(Tex. App.CSan Antonio 2007, pet. ref=d).  Bloodshot eyes, an odor of alcohol on a
person=s
breath, and unsteady balance are all classic symptoms of intoxication.  See Cotton v. State, 686 S.W.2d 140,
142B43 &
n.3 (Tex. Crim. App. 1985).  Finally,
this court and numerous other courts of appeals have held that the refusal to
participate in field sobriety tests is a factor to be considered in the
totality of the circumstances.  Maxwell
v. State, 253 S.W.3d 309, 314 (Tex. App.CFort
Worth 2008, pet. ref=d); see Partee v. Tex. Dep=t of
Pub. Safety, 249 S.W.3d 495, 501B02 (Tex.
App.CAmarillo
2007, no pet.); Tex. Dep=t of
Pub. Safety v. Nielsen, 102 S.W.3d 313, 317 (Tex. App.CBeaumont
2003, no pet.); see also Lonsdale v. State, No. 08‑05‑00139‑CR,
2006 WL 2480342, at *3 (Tex. App.CEl Paso
Aug. 29, 2006, pet. ref=d) (not designated for
publication); Peters v. Tex. Dep't of Pub. Safety, No. 05‑05‑00103‑CV,
2005 WL 3007783, at *2 (Tex. App.CDallas
Nov. 10, 2005, no pet.) (mem. op., not designated for publication); Lemay v.
Tex. Dep't of Pub. Safety, No. 04‑05‑00089‑CV, 2005 WL
2755928, at *1 (Tex. App.CSan Antonio Oct. 26, 2005, no
pet.) (mem. op., not designated for publication).

Here, the evidence showed that Gilfeather had
received a warning from Trooper Markin for speeding approximately five minutes
prior to Trooper Petty=s stop; that Trooper Petty
stopped Gilfeather for driving thirteen miles over the speed limit; that
Gilfeather had red, bloodshot, glassy eyes; that Gilfeather swayed while
walking and while standing on the side of the road; that Gilfeather had a
strong odor of alcohol on his breath; and that Gilfeather had refused to
participate in any of the field sobriety tests.








Based on the foregoing evidence, as applied to
the totality of the circumstances test, we conclude that the ALJ=s
finding that Trooper Petty had probable cause to believe that Gilfeather was
driving while intoxicated was reasonably supported by substantial
evidence.  See State v. Garrett,
22 S.W.3d 650, 654 (Tex. App.CAustin
2000, no pet.) (finding probable cause to arrest defendant for DWI when officer
testified defendant smelled of alcohol, had watery eyes, was unsteady on his
feet, and drove illegally); Reynolds v. State, 902 S.W.2d 558, 560 (Tex.
App.CHouston
[1st Dist.] 1995, pet. ref=d)
(finding probable cause to arrest defendant for DWI when officer testified
defendant had slurred speech, bloodshot eyes, breath that smelled of alcohol,
and posed a danger to himself and others). Thus, the Department satisfied the
second, and final, contested issue under section 724.042.

We therefore conclude that the decision by the
ALJ to continue suspension of Gilfeather=s
license was supported by more than a scintilla of evidence and that there was
some reasonable basis in the record for the action taken by the ALJ.  See Mireles, 9 S.W.3d at 131.  Accordingly, we sustain the Department=s sole
issue.








                                          V.  Conclusion

Having sustained the Department=s sole
issue, we reverse the trial court=s
judgment and render judgment reinstating the ALJ=s order.

 

BOB
MCCOY

JUSTICE

 

EN BANC 

 

DAUPHINOT, J. filed a
dissenting opinion.

 

WALKER, J. concurs
without opinion.

 

DELIVERED: August 6, 2009

 











 
 
 
 
 
 
 




 

 

 

 

 

 

                                               COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO.
2-07-459-CV

 

 

TEXAS DEPARTMENT OF                                                      APPELLANT

PUBLIC SAFETY

 

                                                   V.

 

FRANK
RILEY GILFEATHER                                                      APPELLEE

 

                                              ------------

 

                 FROM COUNTY
COURT AT LAW OF WISE COUNTY

 

                                              ------------

 

                      DISSENTING OPINION ON
REHEARING

 

                                              ------------








I must respectfully dissent from the majority
opinion=s
holding that the refusal to participate in field sobriety tests is damning
evidence that we must consider in performing a de novo substantial evidence
review of an ALJ=s decision on probable
cause.  That is, I cannot agree that an
absence of evidence must perforce constitute evidence of guilt.  Does a person who refuses to give a statement
to the police or to be interviewed by the police do so only because to provide
a statement or an interview would reveal his guilt, and, on appeal, must we
then treat the absence of a statement or an interview as evidence of guilt?

Suppose a person refuses to consent to a search
of his vehicle, his home, his office, or his person.  Suppose he refuses to consent to a search of
a home, vehicle, or office he shares with someone else.  Suppose a person refuses to voluntarily
provide a voice exemplar, or hair follicles, or a blood sample, or a handwriting
sample.  Suppose a person refuses to
allow his child to be interviewed.  Is
this evidence of his guilt?

The law clearly provides that a person may refuse
to participate in any interview by the police or, having begun to participate,
may terminate the interview at any point.[1]  This is true whether a person is or is not in
custody.  How, then, can we say that if a
person invokes his right not to speak with the police and not to perform
demonstrations for the police, we must consider this decision as evidence of
guilt?








Even the statute that permits the trier of fact
to consider the refusal to submit to a breath test, under the implied consent
rule, does not mandate that the refusal be considered as evidence of guilt.[2]  As
the Texas Court of Criminal Appeals has explained,

[A]lthough Section
724.061 of the Texas Transportation Code expressly allows the court to admit
the evidence of a defendant=s refusal to take a breath test, there is no
statutory language that directs the jury to attach any special weight or
significance to such evidence.  That the
statute expressly makes the evidence admissible does not, by itself, also
authorize the trial court to single it out for the jury=s particular
attention.  . . . 

 

Nor does Texas law anywhere establish any presumption that arises in a
DWI case from the defendant=s refusal to take a breath test.  Evidence of the appellant=s refusal to submit to a
breath test is relevant for precisely the reason that the trial court
identified in the contested jury instruction, namely, that it tends to show a
consciousness of guilt on his part.  But
Section 724.061 of the Transportation Code does not establish a legally
recognized presumption of consciousness of guilt that follows from the fact of
refusal.  We are aware of no other
statutory language that expressly authorizes the jury to presume a
consciousness of guilt from the refusal to take a breath test.  In the absence of such a legal presumption,
it is improper for the trial court to instruct the jury with respect to
inferences that may or may not be drawn from evidentiary facts to ultimate or
elemental facts.[3]

 








Clearly, the officer=s
questioning of Gilfeather at the side of the road was an interview, and even an
interrogation.  Unquestionably,
Gilfeather was not free to leave.  At no
time did the officer provide any of the warnings mandated by state or federal
law.  Gilfeather declined to participate
in field sobriety tests because his father, a lawyer and a judge, had advised
him not to participate in them.  The
majority holds that we must consider this decision not as evidence that
Gilfeather was thinking clearly enough to very politely explain his father=s advice
and to follow it but as evidence of intoxication.

Evidence of a person=s
refusal to submit to a breath test is deemed admissible by statute under the
implied consent provision.[4]  Nowhere has the legislature provided implied
consent to participate in field sobriety tests. 
Evidence that Gilfeather declined to participate in field sobriety tests
is simply evidence that he declined to participate in field sobriety
tests.  It is not evidence of his ability
or inability to perform such field sobriety tests.

I cannot agree with the majority=s
mandate that we must consider the absence of evidence as evidence of
guilt.  I would hold that Gilfeather=s
decision not to participate in that portion of the interview was a decision to
decline to participate in that portion of the interview.  I cannot, as does the majority, say that we
must consider his declining the officer=s
request to perform on the side of the road as evidence of guilt.  I therefore must respectfully dissent.

LEE
ANN DAUPHINOT

JUSTICE

 

DELIVERED: August 6, 2009











[1]Trooper Petty testified
that he used radar equipment to determine Gilfeather=s speed.





[2]The Department did not
have to prove a connection between Trooper Petty stopping Gilfeather for
speeding and the arrest of Gilfeather for DWI. 
See Tex. Dep=t of Pub. Safety v. Torres, 54 S.W.3d 438, 441
(Tex. App.CFort Worth 2001, no pet.)
(holding that the Department is not required to prove a connection between the
reason for the stop and the reason for the person=s arrest, and an officer
may validly stop a vehicle for one offense and arrest the driver for an
unrelated offense).





[1]Tex. Code Crim. Proc. Ann. art. 38.22, ' 2(a) (Vernon 2005);
see Miranda v. Arizona, 384 U.S. 436, 445, 86 S. Ct. 1602, 1612
(1966).





[2]See Tex. Transp. Code Ann. ' 724.061 (Vernon
1999).





[3]Bartlett v. State, 270 S.W.3d 147, 152B53 (Tex. Crim. App. 2008)
(citations omitted).





[4]See Tex. Transp. Code Ann. ' 724.061.