TEXAS DEPARTMENT OF PUBLIC
SAFETY, Appellant,

v.

Julie Anne BUTLER, Appellee.

No. 14–02–01102–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

July 3, 2003.

Ross Rayburn and Elvis G. Schulze, Austin, for appellants.

Jim W. James, Bryan, for appellees.

Panel consists of Chief Justice BRISTER, and Justices WANDA McKEE FOWLER, and FROST.

## OPINION

WANDA McKEE FOWLER, Justice.

The Texas Department of Public Safety (DPS) appeals a county court-at-law judgment reversing an administrative order suspending Julie Anne Butler's driver's license because she refused to give a breath specimen to determine if she was intoxicated. DPS contends the trial court erred by requiring DPS to prove the time of Butler's accident in order to show probable cause to believe Butler was driving while intoxicated. Because we find the time of the accident is not necessary to prove probable cause to believe Butler was driving while intoxicated, we reverse the judgment of the trial court and render the judgment of the administrative law judge (ALJ).

## FACTUAL AND PROCEDURAL BACKGROUND

Just after midnight on January 15, 2002, Officer Jim Do was dispatched to the scene of a car accident in Bryan, Texas. When Officer Do arrived at the scene five to eight minutes later, he discovered Butler's Honda Civic in the middle of the road; her car had struck a parked vehicle. Butler was not at the scene and the driver's side door of her car was ajar. Officer Do saw no alcoholic beverages in Butler's car. Several individuals parked nearby told Officer Do that Butler was in a nearby apartment.

As he had been told, Officer Do found Butler in the nearby apartment. She had a "very strong" odor of alcoholic beverages; her eyes were glassy and bloodshot. The resident of the apartment stated she found Butler in the driver's seat of the Civic after she heard the crash, and she let Butler in to use the bathroom. Officer Do saw no alcoholic beverages in the apartment. When Officer Do asked Butler if the Civic outside was hers, she replied in slurred speech that it was. She admitted she had been driving at the time of the accident.

When Officer Do asked Butler to step outside with him, she had difficulty walking without stumbling. When Officer Do performed the horizontal gaze nystagmus test, Butler exhibited all the signs of intoxication. When she tried the walk-and-turn and one-leg-stand tests, she failed them.

With this information at hand, Officer Do arrested Butler for driving while intoxicated. He read her a statutory warning and asked for a breath specimen, but Butler refused to provide it. By refusing, Butler brought about an automatic suspension of her driver's license. TEX. TRANSP. CODE ANN. § 724.042.

Butler requested an administrative hearing to contest the license suspension. The ALJ found sufficient evidence to uphold it. Butler then appealed to the county court at law. There, she argued the evidence was insufficient to find she was actually intoxicated at the time of the accident. She pointed out that the record did not show when the accident occurred. Seizing on this gap in information, she argued the accident could have occurred hours before Officer Do arrived and that she might not have become intoxicated until after the accident. The trial court agreed with at least part of Butler's argument and overturned the ALJ's suspension order. This appeal followed.

## STANDARD OF REVIEW

 When reviewing an ALJ's suspension of driving privileges, courts must use a substantial evidence standard of review. *Mireles v. Tex. Dep't of Pub. Safety*, 9 S.W.3d 128, 131 (Tex.1999); *Tex. Dep't of Pub. Safety v. Jackson*, 76 S.W.3d 103, 106 (Tex.App.-Houston [14th Dist.] 2002, no pet.). Under this standard, the reviewing court cannot replace the ALJ's judgment with its own. *R.R. Comm'n of Tex. v. Torch Operating Co.*, 912 S.W.2d 790, 792 (Tex.1995); *Jackson*, 76 S.W.3d at 106. If the ALJ's decision is supported by more than a mere scintilla of evidence, that decision must be upheld. *See Torch Operating Co.*, 912 S.W.2d at 792–93. When reviewing the record from the administrative agency, the existence of more than a mere scintilla of evidence turns on the question of the reasonableness of the ALJ's decision, not the correctness of that decision. *City of El Paso v. Pub. Util. Comm'n of Tex.*, 883 S.W.2d 179, 185 (Tex.1994). The conclusions of the ALJ are presumed valid. *Id.* Whether the ALJ's decision is supported by more than a mere scintilla of evidence is a question of law. *Firemen's and Policemen's Civ. Serv. Comm'n v. Brinkmeyer*, 662 S.W.2d 953, 956 (Tex. 1984); *Jackson*, 76 S.W.3d at 106. Accordingly, we review the trial court's judgment under a substantial evidence standard of review de novo. *State v. Heal*, 917 S.W.2d 6, 9 (Tex.1996); *Jackson*, 76 S.W.3d at 106.

### A. Proof Required to Uphold Suspension

 To uphold a license suspension, an ALJ must find that DPS has proven all elements of section 724.042 by a preponderance of the evidence. *Jackson*, 76 S.W.3d at 107. Those elements are listed in the following subsections:

(1) reasonable suspicion or probable cause existed to stop or arrest the person;

(2) probable cause existed to believe that the person was operating a motor vehicle in a public place while intoxicated;

(3) the person was placed under arrest by the officer and was requested to submit to the taking of a specimen; and

(4) the person refused to submit to the taking of a specimen on request of the officer.

Tex. Transp. Code Ann. § 724.042. Probable cause exists when a police officer has reasonably trustworthy information sufficient to warrant a reasonable person to believe a particular person has committed an offense. *Guzman v. State*, 955 S.W.2d 85, 87 (Tex.Crim.App.1997). Probable cause deals with probabilities; there must be more than mere speculation but far less than needed to convict or even to find a preponderance of the evidence. *Id.*

### B. The Parties' Claims

DPS contends the trial court held it to a higher burden than the law imposes by requiring proof of the time of the accident, in essence requiring proof Butler was in fact driving while intoxicated. DPS argues that subsection (2), listed above, does not require proof of the time of the accident; it only requires proof of probable cause to believe Butler was driving while intoxicated.

In response, Butler argues DPS must prove the time of the accident to find probable cause to arrest under subsection (1). Butler claims this burden cannot be met because Officer Do was unable to pin down the time of the accident. Butler again raises the argument she made in the trial court that it is possible Officer Do arrived on the scene hours after the acci-

dent. She argues she could have become intoxicated in the interim.

The trial court's order did not state why it reversed the suspension other than that insufficient evidence existed to support the ALJ's ruling. However, it is apparent Butler's argument was significant to the trial court's final decision.

We agree with DPS that the issue is whether DPS presented sufficient evidence so that the ALJ could reasonably conclude that Officer Do had probable cause to believe that Butler was operating a car in a public place while she was intoxicated. We agree that the trial court apparently required DPS to prove the time of the accident, in essence requiring proof Butler was in fact operating a motor vehicle in a public place while intoxicated. In any event, whether the trial court actually insisted on proof of the time of the accident or not, the trial court erred in reversing the ALJ's decision. We explain below.

## C. Review of the Evidence

The question before us is whether the ALJ's decision was reasonable. Was it reasonable for the ALJ to conclude that Officer Do had probable cause to believe Butler had the accident because she was driving while intoxicated, not that she had the accident and then began drinking? Keeping in mind that probable cause deals in probabilities and that far less evidence is needed than to convict or even to show a preponderance of the evidence, we find the ALJ's decision perfectly reasonable. Although Officer Do testified he did not have any idea when the accident took place, facts exist that would lead a reasonable person to believe Butler was driving while intoxicated. Officer Do arrived at the scene of the car accident between five and eight minutes after he was dispatched. Bystanders at the scene told him that the driver of the car was in a nearby apart-

ment. The resident of that apartment said she found Butler in the driver's seat of the Honda Civic after hearing the crash. Butler admitted she was driving at the time of the accident. Butler smelled of alcoholic beverages. Her eyes were bloodshot and her speech was slurred. She had difficulty walking. She failed three field sobriety tests. Officer Do saw no alcoholic beverages in Butler's car or in her possession, and he reported no alcoholic beverages in the apartment where she was found. This evidence would lead a reasonable person to believe the accident had occurred shortly before Officer Do arrived. Though the proof would have been stronger if DPS had put on additional evidence showing Butler was intoxicated, its failure to do so is not a fatal flaw. There is substantial evidence in the record to uphold the ALJ's suspension of Butler's license.

The alternative conclusion—that the accident occurred several hours before Officer Do arrived and that Butler became intoxicated at some point after the accident—is completely unreasonable. It requires one to suspend reasonableness. For example, we know that the resident of the apartment where Officer Do found Butler, retrieved Butler from her car after hearing the crash and then allowed Butler to come to her apartment to use the bathroom. We would have to believe that this resident—who does not appear to have known Butler—let Butler stay in her apartment several hours while Butler became intoxicated, or, that Butler left for awhile, became intoxicated, then returned and just happened to be sitting in the apartment again when Officer Do was led to her. We would have to believe that the people on the street who directed Officer Do to the apartment witnessed the accident several hours earlier and happened to still be around to direct Officer Do. This all

seems to be very unreasonable, while the ALJ's scenario is quite reasonable.

Our decision is supported by other license suspension cases in which proof of the time of the accident was not a factor. *See Tex. Dep't of Pub. Safety v. Pruitt,* 75 S.W.3d 634, 640–41 (Tex.App.-San Antonio 2002, no pet.) (affirming license suspension when no time of accident was established and police officer's report on single car accident indicated driver had mild odor of alcohol and slurred speech);[1] *see also Tex. Dep't of Public Safety v. Jones,* 938 S.W.2d 785, 787 (Tex.App.-Beaumont 1997, no pet.) (affirming license suspension when no time of accident was established, driver left scene of accident, and police officer testified when he located driver, driver had slurred speech, strong odor of alcohol, and impaired ability to walk). It is also supported by case law holding that DPS does not have to prove Butler was in fact driving while intoxicated in order to suspend her license under section 724.042. *See Church v. State,* 942 S.W.2d 139, 140 (Tex. App.-Houston [1st Dist.] 1997, pet. ref'd) (holding that the determination whether the driver did in fact operate a vehicle while intoxicated was a criminal matter, while license suspension was a civil matter, requiring only probable cause to believe the driver was driving while intoxicated, and that "[t]he statute authorizing the suspension hearing neither requires nor empowers the ALJ to decide the ultimate issue of whether [the driver] was actually

operating a motor vehicle while intoxicated").[2]

We reverse the county court's judgment and render judgment upholding the administrative decision suspending Butler's driver's license.

1. While we recognize the fact that the driver in *Pruitt* admitted to the officer that he had been drinking prior to the accident, this case is not factually flawed because Butler did not admit to drinking before the accident. Butler failed three field sobriety tests, which the driver in *Pruitt* refused to perform.

2. Butler makes no distinction between the civil nature of the license suspension proceedings and a criminal conviction for driving

while intoxicated. All of the cases Butler relies upon in support of her contention are criminal cases requiring proof of the time of the accident in order to convict for driving while intoxicated. DPS points out, and we agree, that while the timing of the accident may be necessary to uphold a criminal conviction, the statute at issue in this case is not criminal in nature.