Affirmed and Memorandum Opinion filed December 6, 2005









Affirmed
and Memorandum Opinion filed December 6, 2005.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-04-01085-CV

____________

 

JAMES M.
HARRIS, Appellant

 

V.

 

TEXAS
DEPARTMENT OF PUBLIC SAFETY, Appellee

 

____________________________________________________________

 

On Appeal from the County Civil Court at Law No. 3

Harris County, Texas

Trial Court Cause No. 809404

____________________________________________________________

 

M E M OR A N D U M   O P I N I O N

Challenging the two-year
suspension of his driving privileges, appellant James M. Harris contends in two
issues that (1) there is not substantial evidence to support the decision to
suspend his driving privileges, and (2) 
he was deprived of the opportunity to present additional evidence in his
county court appeal from the decision of the administrative law judge.  We affirm.








I.  Factual and Procedural Background

On
December 1, 2003,[1]
Officer Virginia Gorman was dispatched to the scene of a major accident in
Harris County.  When she arrived, the
Texas Department of Public Safety (ADPS@) was
already on the scene attending to individuals involved in a three-vehicle
accident.  Appellant James M. Harris
approached Officer Gorman and told her that he had been driving one of the
vehicles.  Harris handed Officer Gorman
his driver=s license and proof of
insurance.  Officer Gorman noticed a very
strong odor of alcohol on Harris=s breath,
and asked Harris if he had consumed any alcoholic beverages that day.  Harris responded that he had not.  Because it was one o=clock in
the afternoon, Officer Gorman initially believed it was Asomething
else@ and
asked Harris to step aside and wait in a location away from the emergency
vehicles.  

A short while later, Officer
Gorman approached Harris again, still noticing a strong odor of alcohol on his
breath.  She also noticed that his speech
was slurred.  She asked Harris to follow
her back to his car.  Officer Gorman
again asked Harris whether he had consumed any alcoholic drinks that day.  At that point, Harris stated that he had
consumed two glasses of wine.  Officer
Gorman told Harris to remain next to his car and wait for her to return.  Officer Gorman then went to assist the
emergency technicians with traffic control so that the accident victims could
be transported to the hospital. 
Meanwhile, Officer F. Stachmus arrived on the scene and observed Harris
walk across the street to a convenience store. 
Officer Stachmus informed Officer Gorman that he had detected a strong
odor of alcohol on Harris=s breath
and noted that Harris could not keep a steady balance.  Officer Stachmus also stated that Harris
revealed that he had consumed two bottlesCnot
glassesCof wine. 








Officer Gorman, who is certified
to perform field sobriety tests, performed three field sobriety tests on Harris:
the Horizontal Gaze Nystagmus (AHGN@) test,
the Aone-leg
stand@ test,
and the Awalk and
turn@
test.  Officer Gorman performed these
tests after detecting alcohol on Harris=s breath,
noticing both that his speech was slurred and that he had a difficult time
following instructions, and after confirming that he had consumed alcoholic
beverages that day.  Officer Gorman
performed the tests across the street and away from the accident scene.  Officer Gorman did not videotape the tests with
the video camera in her car because her car was being used to block the
accident scene from passing motorists.

Prior to performing the field
sobriety tests, Officer Gorman confirmed that Harris was in good health and did
not have any major medical problems. 
During the HGN test, Officer Gorman noticed the following clues: lack of
smooth pursuit in both eyes, onset nystagmus prior to forty-five degrees in
both eyes, and distinct nystagmus at maximum deviation in both eyes.  During the one-leg stand test, Harris
appeared to be very Ashaky@ and
tried very hard to keep his balance. 
Finally, during the Awalk and
turn@ test,
Harris failed to follow the instructions and had to stop and ask questions, but
eventually completed the test.

After Officer Gorman administered
these tests, Officer Stachmus took over the accident scene, and Officer Gorman
placed Harris into custody for suspicion of DWI.  Officer Gorman transported Harris to the
Tomball Police Department, read him his statutory warnings, and asked him to
submit a breath specimen. Harris refused to submit either a breath or urine
specimen.  

Harris was charged with driving
while intoxicated.  It was later
determined that Harris previously refused a request to give a breath or blood
specimen during a different alcohol-related incident approximately twenty-three
months before his December 1, 2003 arrest. 
Given these refusals, Harris=s driver=s license
was automatically suspended for two years. 
See Tex. Transp. Code Ann.
' 724.035
(Vernon Supp. 2005).  








Harris challenged the suspension
of his driver=s license and requested a hearing
before an administrative law judge (AALJ@).  At this hearing, the ALJ found by a
preponderance of the evidence that the DPS had met its burden of proof on all
required issues under section 724.042 of the Transportation Code and sustained
the suspension of Harris=s driver=s license
for a period of two years under section 724.035 of that statute.  

On January 22, 2004, Harris filed
a petition for judicial review in the County Court at Law No. 3 of Harris
County, appealing the ALJ=s
decision.  The DPS filed the transcript
of the hearing before the ALJ as an attachment to its trial brief in the county
court below. The county judge considered the entire administrative record, and
after hearing the parties=
arguments, the county court affirmed the ALJ=s
decision suspending Harris=s driver=s license
for two years.[2]


II.  Issues
Presented

Harris now appeals the county
court=s
decision and contends that there is not substantial evidence to support the ALJ=s
decision to suspend his driver=s license
for two years and that he was precluded from presenting additional evidence
under section 524.043(b) of the Texas Transportation Code.[3]








III.  Standard of Review

Review of an ALJ=s
suspension of driving privileges is made under a substantial evidence standard.
 Mireles v. Tex. Dep=t of Pub.
Safety, 9 S.W.3d 128, 131 (Tex. 1999). Under a substantial-evidence
review, the reviewing court cannot substitute its judgment for that of the ALJ
and must affirm if the ALJ=s
decision is supported by more than a scintilla of evidence.  R.R. Comm=n of Tex.
v. Torch Operating Co., 912 S.W.2d 790, 792 (Tex. 1995).  The issue for the reviewing court is not
whether the ALJ made a correct decision, but rather whether there is some
reasonable basis in the record for the action taken by the ALJ.  Id.; Tex. Dep=t of Pub.
Safety v. Bell, 11 S.W.3d 282, 283 (Tex. App.CSan
Antonio 1999, no pet.).  Review on appeal
is limited to a review of the agency record.  Tex. Transp. Code Ann. '
524.043(a) (Vernon 1999).  Matters of
statutory interpretation are questions of law, over which we exercise de novo
review.  See S.W. Pub. Serv. Co./Pub.
Util. Comm=n of Tex.
v. Pub. Util. Comm=n of Tex., 962
S.W.2d 207, 212 (Tex. App.CAustin
1999, pet. denied). 

IV.  Analysis

A.        Is the Administrative Law Judge=s decision to suspend
Harris=s driver=s license supported by
substantial evidence? 

 








Harris argues that the ALJ=s
decision to suspend his driver=s license
is not supported by substantial evidence. 
We disagree.  A driver=s license
is a privilege, not a right.  Texas
Dep=t. of Pub. Safety v. Schaejbe, 687
S.W.2d 727, 728 (Tex. 1985).  The State
has a legitimate interest in regulating driver=s
licenses to maintain public safety.  Mireles, 9 S.W.3d at 130.  Thus, statutory law authorizes automatic
suspension of a person=s driver=s license
when the person is arrested for driving while intoxicated but refuses to give a
blood or breath specimen when requested to do so by a law enforcement
officer.  Tex. Transp. Code Ann. ' 724.035
(Vernon Supp. 2005).  Under the
applicable standard of review, if the ALJ=s
decision is supported by more than a mere scintilla of evidence, that decision
must be upheld. See Torch Operating Co., 912 S.W.2d at 792B93.  The existence of more than a mere scintilla
of evidence turns on the question of the reasonableness of the ALJ=s
decision, not the correctness of that decision. 
City of El Paso v. Pub. Util. Comm=n of Tex., 883
S.W.2d 179, 185 (Tex. 1994).  The
conclusions of the ALJ are presumed valid. 
Id. 

To uphold a license suspension,
an ALJ must find that DPS has proven all elements of section 724.042 by a
preponderance of the evidence.  Texas
Dept. of Pub. Safety v. Jackson, 76 S.W.3d 103, 107 (Tex. App.CHouston
[14th Dist.] 2002, no pet.).  Those
elements are as follows: 

(1)
      reasonable suspicion or probable
cause existed to stop or arrest the person; 

(2)       probable cause existed to believe that
the person was operating a motor vehicle in a public place while intoxicated; 

(3)
      the person was placed under arrest
by the officer and was requested to submit to the taking of a specimen; and 

(4)
      the person refused to submit to the
taking of a specimen on request of the officer.[4]


 








Tex.
Transp. Code Ann. '
724.042.  Probable cause exists when a
police officer has reasonably trustworthy information sufficient to warrant a
reasonable person=s belief
that a particular person has committed an offense.  Guzman v. State, 955 S.W.2d 85, 87 (Tex.
Crim. App. 1997).  Probable cause deals
with probabilities; there must be more than mere speculation but far less than
needed to convict or even to find a preponderance of the evidence.  Id.

When
rendering her decision, the ALJ issued the following findings of fact: 

(1)       On December 1, 1003, reasonable suspicion to stop Harris
existed, in that Officer Gorman was dispatched to the scene of an accident in
the 400 block of E. Main near Howard Street, Harris County, Texas.  Harris admitted driving one of the vehicles
involved in the accident. 

(2)       On the same date, probable cause to arrest Harris existed, in
that probable cause existed to believe that Harris was operating a motor
vehicle in a public place while intoxicated, because in addition to the facts
in No. 1, Officer Gorman observed Harris to have a strong odor of an alcoholic
beverage on his breath, slurred speech, and admitted drinking to the
officer.  Harris had six clues of
intoxication on the HGN test. 

(3)       Harris was placed under arrest and was
properly asked to submit a specimen of breath or blood;.

(4)       After being requested to submit a specimen
of breath or blood, Harris refused.

(5)       Harris has had one or more alcohol or drug related enforcement
contacts during the ten years preceding the date of Harris=s arrest as is indicated
on Harris=s driving record.

 








We review
the agency record to determine whether there is substantial evidence to support
the ALJ=s
decision.  Harris admitted that he drove
one of the vehicles involved in the December 1, 2003 accident.  Officer Gorman stated that she detected a
very strong odor of alcohol on Harris=s breath
and his speech was slurred.  Harris
admitted, after being asked a second time, that he had consumed alcohol that
day.  Officer Stachmus saw Harris leave
the scene and walk across the street to a convenience store.  Officer Stachmus informed Officer Gorman that
he had detected the odor of alcohol on Harris=s breath
and that Harris could not hold his balance while standing.  Harris told Officer Stachmus that he had
consumed two bottles of wine.  Officer
Gorman, who is certified to perform field sobriety tests, performed three field
sobriety tests on Harris.  Not only did
Harris have a difficult time following instructions, but, during the tests, he
demonstrated clues of intoxication.  In
addition, Harris appeared to be very Ashaky@ and
tried very hard to keep his balance. 
Officer Gorman testified that, after being placed under arrest, Harris
was asked to submit  a breath specimen
but that Harris refused to submit either a breath or urine specimen.  There was also evidence that Harris had
refused a prior request for a breath or blood specimen during a different
alcohol-related incident approximately twenty-three months before Harris=s
December 1, 2003 arrest.

We hold
there is substantial evidence to support the ALJ=s finding
that probable cause existed to arrest Harris and to believe that Harris was
operating a motor vehicle on a public roadway while intoxicated.  See Texas Dep=t. of
Pub. Safety v. Pruitt, 75 S.W.3d 634, 640B41 (Tex.
App.CSan
Antonio 2002, no pet.) (finding that probable cause existed to arrest Pruitt
and to believe Pruitt was operating a motor vehicle on a public roadway while
intoxicated when Pruitt admitted to officer that he was driving a vehicle
involved in the accident, and officer smelled a mild odor of alcohol on his
breath, his speech was slurred and Pruitt admitted to officer that he had been
drinking); Gajewski v. State, 944 S.W.2d 450 (Tex. App.CHouston
[14th Dist.] 1997, no writ) (holding that by his own behavior, the defendant
was telling the officer that he was unable to safely operate a motor vehicle
and there was reasonable suspicion to stop the defendant).[5]  Accordingly, we conclude that the county court did not err in
ruling that substantial evidence supports the ALJ=s decision. 








B.        Was
Harris entitled to present additional evidence under Section 524.043(b) of the
Texas Transportation Code? 

 

Harris asserts that he should have been allowed to present additional
evidence from a psychologist in regard to the HGN test.  Within his trial brief to the county court,
Harris asked to present this additional evidence that was not offered during
the administrative hearing.  Harris
argued that this evidence was material and that he had good reasons for not
offering this evidence during the administrative proceeding.  There is no reporter=s record
for us to review in this appeal. 
Moreover, Harris did not obtain an adverse ruling on his request to
present this additional evidence.  In an
attempt to avoid a finding of waiver, Harris contends that by issuing an order
affirming the ALJ=s
decision, the county court implicitly denied Harris=s
application to present the additional evidence.  See Walker v. Gutierrez, 111 S.W.3d
56, 60 n.1 (Tex. 2003) (holding that by granting the motion to dismiss, the trial
court implicitly denied the motion seeking a grace period).  Presuming, without deciding, that Harris
preserved this argument for appeal, we conclude that the county court would not
have abused its discretion by denying Harris=s request
to present this additional evidence.  See
Buttes Res. Co. v. R.R. Comm=n of
Texas, 732 S.W.2d 675, 680 (Tex. App.CHouston
[14th Dist.] 1987, writ ref=d n.r.e.)
(holding that lower court did not abuse its discretion by refusing to remand so
that the Commission could hear additional evidence because there was no showing
that evidence was material or that there was a good  reason for failure to produce it during
earlier proceedings).  

A court
abuses its discretion if it acts arbitrarily or refuses to follow guiding rules
and principles.  Downer v. Aquamarine
Operators, Inc., 701 S.W.2d 238, 242 (Tex. 1985).  Harris failed to show that the additional
evidence was material or that he had any good reasons for his failure to
present the additional evidence during the hearing before the ALJ. 








Section
524.043(b) provides as follows: 

On appeal, a party may
apply to the court to present additional evidence. If the court is satisfied
that the additional evidence is material and that there were good reasons for
the failure to present it in the proceeding before the administrative law
judge, the court may order that the additional evidence be taken before
an administrative law judge on conditions determined by the court.

 

Tex.
Transp. Code Ann. ' 524.043
(b) (Vernon 1999) (emphasis added).  Harris
argues that the additional evidence would have come from a psychiatrist who
conducted Apsychiatric/substance abuse@
evaluations on Harris on April 28, 2004 and September 12, 2004.  The psychiatrist opined that Harris had a
deviation of the normal HGN in that it is more exaggerated than would be seen
in most other people.   

The
administrative hearing was conducted on January 14, 2004.  Harris did not bring this evidence to the
attention of the county court or to the DPS until October 8, 2004, three days
before the October 11, 2004 trial setting. 
Harris argues that the Agood
reason@ for his
failure to present this evidence before the ALJ was that the first examination
was done after the administrative hearing. 
Harris, however, did not explain why he could not have completed this
examination or secured this evidence before the administrative
hearing.  Indeed, during the
administrative hearing, Harris=s counsel
specifically stated that he did not intend to introduce any witnesses or
evidence on the types of nystagmus. 
Thus, if the county court determined that Harris failed to show good
reason for his failure to present the evidence in the prior administrative
proceeding, this would not be an abuse of discretion.








Moreover,
we conclude that this evidence was not material.  The additional evidence from Harris=s psychiatric
evaluation would not have been material in deciding whether (1) reasonable
suspicion or probable cause existed to stop or arrest Harris, (2) probable
cause existed to believe that Harris was operating a motor vehicle in a public
place while intoxicated, (3) Harris was placed under arrest by Officer Gorman
and was requested to submit to the taking of a blood or breath specimen, (4)
Harris refused to submit to the taking of a specimen on Officer Gorman=s
request, or (5) Harris had one or more alcohol-related contacts in the ten
years preceding his December 1, 2003 arrest. 


It was
not necessary for the ALJ to conclude that Harris was in fact driving while
intoxicated.  See, e.g., Mireles,
9 S.W.3d at 131 (holding that there was a reasonable basis for the agency=s
decision to suspend motorist=s driver=s license
when the motorist=s blood
alcohol level was above the legal limit one hour after being stopped); Railroad
Comm=n of Tex., 912
S.W.2d at 792B93 (stating that an
administrative decision may be sustained even if the evidence preponderates
against it); Texas Dept. of Pub. Safety v. Butler, 110 S.W.3d
673, 675 (Tex. App.CHouston
[14th Dist.] 2003, no pet) (holding that the determination of  whether driver operated a vehicle while
intoxicated was a criminal matter, while license suspension was a civil matter,
requiring only probable cause to believe the driver was driving while
intoxicated and stating that the statute authorizing the suspension hearing
neither requires nor empowers the ALJ to decide the ultimate issue of whether
the driver was actually operating a motor vehicle while intoxicated).  Accordingly, we conclude that even if Harris
preserved this argument for appeal, the county court would not have abused its
discretion in denying Harris=s
application to present additional evidence. 

Having
overruled all of Harris=s
arguments presented on appeal, we affirm the county court=s
judgment. 

 

/s/        Kem Thompson Frost

Justice

 

Judgment rendered and Memorandum Opinion filed
December 6, 2005.

Panel consists of Justices Hudson, Frost, and
Seymore.

 

 











[1]  Harris asserts
that the accident occurred on December 1, 2004, and that the fact that the
incident report indicates the accident occurred on December 1, 2003, shows that
the incident report has an incorrect date and that the ALJ=s decision is not supported by substantial
evidence.  However, the custodian of
records certified the incident report on January 6, 2004, and the ALJ hearing
took place on January 14, 2004, making it impossible for the accident to have
occurred on December 1, 2004.  There is
more than a scintilla of evidence in the record to support the ALJ=s finding that the accident occurred on December 1,
2003.





[2]  The parties do
not dispute this fact. 





[3]  In Harris=s AIssues Presented@ section
of his appellate brief, he states that he presents one issue on appeal: 

 

that the trial court abused its discretion in denying
Appellant=s petition for judicial review  in that: (i) the trial court failed to
provide a  reference to any guiding rules
or principles for its decision; and (ii) as such it is assumed that the trial
court based its decision on a rejection of Appellant=s Trial Brief; (iii) given that there is no record of
written argument from Appellee that answers Appellant=s grounds justifying reversal; and (iv) save Appellee=s original answer in which Appellee makes only a
general denial. 

 

It appears from the AArgument@ section
of his brief that his main arguments on appeal are that: (1) there is not
substantial evidence to support the ALJ=s
decision to suspend his driver=s license, and (2) he should have been permitted to
present additional evidence in his county court appeal in regard to the HGN
test.  For clarity, we will address each
argument individually.  





[4]  Section
724.035 of the Texas Transportation Code, entitled ASuspension or Denial of License,@ provides, in pertinent part: 

 

(a) If a person refuses the request of a peace officer
to submit to the taking of a specimen, the department shall:

(1) suspend the person=s
license to operate a motor vehicle on a public highway for 180 days; or

(2) if the person is a resident without a license,
issue an order denying the issuance of a license to the person for 180 days.

(b) The period of suspension or denial is two years if
the person=s driving record shows one or more alcohol‑related
or drug‑related enforcement contacts, as defined by Section 524.001(3),
during the 10 years preceding the date of the person=s arrest.

 

See Tex. Transp. Code Ann. ' 724.035 (Vernon Supp. 2005).





[5]  Within this
same argument, Harris further contends that due to the DPS=s failure to file or request any written findings of
fact or conclusions of law from the county court judge, the county court abused
its discretion by reaching a decision that could not have been supported and
for which the county court itself offered no support.  We disagree with this argument.  The DPS was not required to request findings
and conclusions from the county court. 
Furthermore, appellate courts have held that, even if requested, county
courts and district courts need not and should not file findings of fact and
conclusions of law regarding their decisions on the merits in administrative
appeals.  See Young Chevrolet, Inc. v.
Tex. Motor Vehicle Bd., 974 S.W.2d 906, 911 n.9 (Tex. App.CAustin 1998, pet. denied); Madisonville Consol.
Indep. Sch. Dist. v. Tex. Emp. Comm=n,
821 S.W.2d 310, 314 (Tex. App.CCorpus Christi 1991, writ denied).