Opinion issued April 15, 2010.



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-09-00822-CV

———————————

Texas Department of Public Safety, Appellant

V.

Kristina Ann
Potter, Appellee



 



 

On Appeal from the County Court at Law 

Austin County, Texas



Trial Court Case No. 09CV4474

 



 

MEMORANDUM OPINION

          After
Kristina Potter refused to perform field sobriety tests or provide a blood or
breath specimen following her involvement in a car accident, the Texas
Department of Public Safety (Department) suspended her driving-license privileges
for 180 days.  See Tex. Transp. Code Ann.
§§ 724.035, 742.042 (Vernon Supp. 2009). 
An administrative law judge (ALJ) upheld the suspension, and Potter
appealed the decision to county court. 
The county court granted Potter’s appeal and reversed the
suspension.  The Department now appeals
that ruling, contending that the county court failed to apply the proper
standard in reviewing the administrative decision.  We reverse the county court’s judgment and reinstate the suspension.

Background

The accident

In the early morning hours of
November 29, 2008, Texas State Trooper Vacek was dispatched to a one-vehicle
rollover accident on State Highway 159 in Bellville.  When he arrived, Vacek first spoke with Michael
Blezinger, who told him that he had reported the accident.  Potter stood near a drainage ditch beside the
road and an overturned gray Jeep Liberty. 
Blezinger pointed at Potter and told Vacek that she was the driver of
the Jeep, and that he thought she had been drinking.

Vacek walked over to Potter, noting
various items, apparently thrown from the car during the rollover, strewn all
over the ground.  In particular, he noticed
an open can of beer that appeared to have condensation on it.  When he approached, Potter identified herself
as the driver of the vehicle.  Once Vacek
established that Potter did not need medical attention, he asked her to explain
what happened.  Potter said that she lost
control while she was trying to send a text message.  

During her interaction with Vacek,
Potter was crying uncontrollably and had several emotional outbursts.  Vacek also noticed that Potter’s eyes were
bloodshot and glassy and that her breath smelled strongly of alcohol.  Vacek asked Potter if she had been drinking.  Potter admitted to having two beers, but said
that she did not remember how long it had been since she drank them.  

When Vacek asked Potter if she was
willing to perform field sobriety tests, Potter replied that she was told to
wait for her attorney to arrive.  Based
on his observations, Vacek concluded that Potter had lost the normal use of her
mental and physical faculties due to alcohol ingestion, placed Potter under
arrest, handcuffed her, and placed her in the patrol car of a local deputy at
the scene.  

When Potter’s attorney arrived,
Potter consulted with him.  Then, the
deputy took Potter to the Austin County jail while Vacek continued his
investigation of the accident scene.  When
he was finished, Vacek met Potter at the jail. 
He requested that she give a breath specimen to analyze the
concentration of alcohol in her system and began to read her the statutory
warning informing her that her license would be suspended for 180 days if she refused
to do so.  

After Vacek finished the first
paragraph, Potter told him that she was going to refuse to give a specimen.  Vacek finished reading the statutory warning
and gave Potter a copy of the form.  Potter
next complained of wrist pain and was taken to a nearby hospital.  Once there, she refused to submit to a blood
exam, but consented to an x-ray.  

Proceedings below

At Potter’s request, a hearing on
the suspension took place before an ALJ. 
The ALJ decided that the Department was authorized to suspend Potter’s
license for the prescribed period, based on findings that (1) Potter was
operating the Jeep at the time of the accident, (2) probable cause existed to
believe that Potter was operating a motor vehicle in a public place while
intoxicated, based on Vacek’s observations of her condition and her own admission
that she had consumed alcoholic beverages before operating the Jeep, and (3)
Potter refused to perform any field sobriety tests or provide any breath or
blood specimen.

Potter appealed the suspension to
the county court at law.  After reviewing
the hearing transcript and evidence presented to the ALJ, as well as arguments
of counsel, the county court signed an order granting Potter’s appeal.  The Department timely filed its appeal of
this order.  

Discussion

Standard of review

“[C]ourts review administrative license suspension decisions
under the substantial evidence standard.”  Mireles
v. Tex. Dep’t of Pub. Safety, 9 S.W.3d 128, 131 (Tex. 1999); see Tex.
Transp. Code Ann. § 724.047 (Vernon 1999) (“Chapter 524 governs an
appeal from an action of the department, following an administrative hearing
under this chapter, in suspending or denying the issuance of a license.”); id. § 524.043 (Vernon 2007)
(establishing rules for appeal but not defining the scope of review).  In contested cases, if more than a scintilla
of evidence supports the administrative findings, we affirm those findings;
“[i]n fact, an administrative decision may be sustained even if the evidence
preponderates against it.”  Mireles, 9 S.W.3d at 131.  Courts may not substitute their judgment for 

the judgment of the state agency on the weight of the evidence on
questions committed to agency discretion but . . . (2) shall reverse
or remand the case for further proceedings if substantial rights of the
appellant have been prejudiced because the administrative findings, inferences,
conclusions, or decisions are: . . . (E) not reasonably supported by
substantial evidence considering the reliable and probative evidence in the
record as a whole. . . .

Tex. Gov’t Code Ann. § 2001.174 (Vernon 2008).  We review the county court’s substantial
evidence review of the administrative ruling de novo.  See
Tex. Dep’t of Pub. Safety v. Alford, 209 S.W.3d 101, 103 (Tex. 2006)
(noting that ALJ’s findings are entitled to deference but that “whether there
is substantial evidence to support an administrative decision is a question of
law” and as such, neither county court nor ALJ’s determination of issue is
entitled to deference on appeal).  




 

License suspension

Under the Transportation Code, if a peace officer arrests a person
and he has reasonable grounds to believe that the person is driving while
intoxicated, he may request specimens of the person’s breath or blood.  Tex.
Transp. Code Ann. § 724.012(a)(1) (Vernon Supp. 2009).  If the person refuses to submit to the taking
of a specimen, the Department must suspend the person’s license to operate a
motor vehicle on a public highway for 180 days. 
Id. § 724.035(a)(1)
(Vernon Supp. 2009).  If a person’s
license is suspended under this chapter, she may request a hearing on the
suspension.  Id. § 724.041 (Vernon Supp. 2009).  At the hearing, the issues, as applicable
here, are whether: 

(1)     reasonable
suspicion or probable cause existed to stop or arrest the person; 

(2)     probable cause existed to
believe that the person was: 

(A) operating a motor vehicle in a public place while
intoxicated; 

. . . .

(3)     the
person was placed under arrest by the officer and was requested to submit to
the taking of a specimen; and 

(4)     the
person refused to submit to the taking of a specimen on request of the officer.

Id. § 724.042 (Vernon Supp. 2009).  Applying the applicable standard of review,
then, the reviewing court must uphold the administrative decision if the record
contains substantial evidence to support an affirmative finding on each of
these issues.  

Reasonable suspicion for stop or probable cause for arrest

Officer Vacek’s offense report recites that Blezinger
identified Potter as the driver and stated that he thought that she had been
drinking.  When Officer Vacek approached
Potter, he observed that Potter had glassy eyes, was crying, and was otherwise behaving
very emotionally, which are consistent with intoxication.  Contrary to Potter’s assertion, a witness
does not have to be an expert to testify that a person he observes is
intoxicated by alcohol; a police officer’s lay opinion testimony that a person
is intoxicated is probative.  Henderson v. State, 29 S.W.3d 616, 622
(Tex. App.—Houston [1st Dist.] 2002, pet. ref’d).  Blezinger and Vacek’s observations provide
more than a scintilla of evidence in support of the ALJ’s finding that Vacek
had reasonable suspicion for the stop. 

Probable cause to believe that the licensee was driving a motor vehicle
in a public place while intoxicated

A license suspension is a civil matter, requiring only
probable cause to believe the driver was driving while intoxicated. See Tex.
Transp. Code Ann. § 724.048(a) (Vernon 1999); Mireles, 9 S.W.3d at 131; Tex.
Dep’t of Pub. Safety v. Butler, 110 S.W.3d 673, 675 (Tex. App.—Houston
[14th Dist.] 2003, no pet).  Probable
cause to arrest exists when the facts and circumstances that are apparent to
the arresting officer support a reasonable belief that an offense has been or
is being committed.  Amores v. State, 816 S.W.2d 407, 413 (Tex. Crim. App. 1991).  Probable cause requires more than a suspicion
but far less evidence than that needed to support a conviction or to support a
finding by a preponderance of the evidence.  See
Guzman v. State, 955 S.W.2d 85, 87 (Tex. Crim. App. 1997).

Potter’s statement to Vacek that she lost control of the
vehicle while texting constitutes an admission that she was driving the vehicle
when it crashed.  As for the
administrative finding that Potter was intoxicated, evidence of her
uncontrollable crying, emotional outbursts, and glassy, red eyes—coupled with evidence that her breath
smelled strongly of alcohol and of a beer can with condensation on it found at
the scene—constitutes
substantial evidence in its support.  See Tex. Dep’t of Pub. Safety v.
Perkins, No.
01-04-00093-CV, 2004 WL 2749141, at *6 (Tex. App.—Houston [1st Dist.] 2004, no
pet.) (finding probable cause based on officer’s report that Perkins’s eyes
were red and glassy, and his breath had very strong odor of alcohol); Tex. Dep’t of Pub. Safety v. Pruitt, 75
S.W.3d 634, 640–41 (Tex. App.—San Antonio 2002, no pet.) (finding probable
cause for arrest and to believe Pruitt was operating a motor vehicle on a
public roadway while intoxicated where Pruitt admitted to officer that he was
driving vehicle involved in accident, officer smelled mild odor of alcohol on
Pruitt’s breath, Pruitt’s speech was slurred, and Pruitt admitted to officer
that he had been drinking); see also Tex.
Dep’t of Pub. Safety v. Varme, 262 S.W.3d 34, 41 (Tex. App.—Houston [1st
Dist.] 2008, no pet.) (holding that officer had probable cause to arrest Varme;
officer observed Varme speeding and observed that Varme had strong odor of
alcohol and slurred speech; Varme admitted he had been drinking, his balance
was “poor,” and his eyes were “bloodshot”). 
Potter contends that the fact that she was crying and emotional, and had
glassy, red eyes is no evidence that she was driving while intoxicated because
it equally supports a reasonable inference that she had a natural reaction to
the accident as it does the ALJ’s finding that there was probable cause that
she was driving while intoxicated. 
Potter, however, does not account for the officer’s additional
observation that Potter’s breath smelled strongly of alcohol, which renders her
benign explanation less plausible.  The
equal inference rule thus does not apply here. 
See Lozano v. Lozano, 52
S.W.3d 141, 148 (Tex. 2001) (observing that equal inference rule precludes fact
finder from reasonably inferring ultimate fact from meager circumstantial
evidence which could give rise to any number of inferences, none more probable
than another).

In her appeal of the ALJ’s decision to the county court,
Potter also contended that the Department failed to prove a temporal link
between her driving and intoxication.  To
the extent the county court relied on that contention as grounds for granting
Potter’s appeal, it erred.  When Officer
Vacek appeared at the scene within minutes of the accident report, he noticed
condensation on the open can of beer near the vehicle, signs of intoxication, and
a strong smell of alcohol on Potter, and Potter herself admitted to Officer Vacek
that she had drunk beer earlier that night. 
These facts and circumstances are sufficient to warrant the belief of a
person of reasonable caution that Potter had consumed alcohol close enough in
time to the accident to have been impaired by it at the time.  We thus hold that substantial evidence
supports the ALJ’s finding that probable cause existed to arrest Potter and to
believe that Potter was operating a motor vehicle on a public roadway while
intoxicated. 

The licensee refused to perform field sobriety tests or provide a blood
or breath specimen for testing

Potter does not dispute that she refused to perform a field
sobriety test or provide a blood or breath specimen, but she specifically
points to the absence of testing results as supporting her contention that
substantial evidence does not support the ALJ’s decision.  But the fact that Potter refused the testing supports,
rather than undermines, an inference that Potter was intoxicated at the time of
her arrest.  Refusal to submit to testing
is a factor that weighs in favor of finding probable cause of DWI.  See
Partee v. Tex. Dep’t of Pub. Safety,
249 S.W.3d 495, 501–02 (Tex. App.—Amarillo 2007, no pet.); Tex. Dep’t of Pub. Safety v. Nielsen,
102 S.W.3d 313, 317 (Tex. App.—Beaumont 2003, no pet).  

Conclusion

Substantial evidence supports the ALJ’s decision to suspend
Potter’s driver’s license for 180 days under sections 724.042 and 724.035 of
the Texas Transportation Code.  We
therefore reverse the judgment of the county court and render judgment
reinstating the suspension of Potter’s driving-license privileges.  See
Tex. Transp. Code Ann. § 2001.174(1).

 

 

                                                                   Jane
Bland

                                                                   Justice


 

Panel
consists of Justices Jennings, Hanks, and Bland.