NO. 07-10-0271-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

JUNE 3, 2011

_____


TEXAS DEPARTMENT OF PUBLIC SAFETY, APPELLANT

V.

RUEBEN P. ALLEN, APPELLEE


_____

FROM THE COUNTY COURT AT LAW OF WISE COUNTY;

NO. CV-4750; HONORABLE MELTON D. CUDE, JUDGE

_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Following a hearing before the State Office of Administrative Hearings, the driver's license of Appellee, Rueben P. Allen, was suspended for 180 days.[1] Allen appealed to the County Court at Law,[2] which found that the decision of the Administrative Law Judge (ALJ) was not supported by substantial evidence. The

---

[1]Tex. Transp. Code Ann. § 724.035(a)(1) (West 2011).

[2]Tex. Transp. Code Ann. § 524.041(b) (West 2007).

administrative decision was reversed and the Texas Department of Public Safety appealed that decision to this Court.[3] Presenting a sole issue, the Department questions whether the trial court erred when it reversed the ALJ's finding that the arresting officer had probable cause to believe Allen was operating a motor vehicle in a public place while intoxicated.[4] We reverse the trial court's judgment and render judgment affirming the administrative decision to suspend Allen's driver's license for 180 days.

## Background Facts

The scant facts are derived from the record at the administrative hearing held on February 17, 2010. According to the record, in the early evening on December 7, 2009, Department of Public Safety Trooper Chris Markin was dispatched to the scene of an accident occurring on FM 730 South, where it was reported that a pickup had rear-ended another vehicle. Although the pickup left the scene of the accident, it left behind a license plate near the point of impact. The license plate found at the scene was matched to a Dodge pickup which was later found abandoned with front end damage. Allen was identified as the owner of that pickup.

Allen's wife gave a statement that he had called her to pick him up near the site of the abandoned pickup. She convinced him to turn himself in, and she drove him to

[3]A court of appeals has jurisdiction over decisions from county courts at law involving driver's license suspensions. *See State Dep't of Pub. Safety v. Barlow*, 48 S.W.3d 174, 175 (Tex. 2001). *But see* Tex. Transp. Code Ann. § 524.041(b) (West 2007); *Tex. Dep't of Pub. Safety v. Jenkins*, 262 S.W.3d 811, 813 (Tex.App.--Eastland 2008, no pet.).

[4]Originally appealed to the Second Court of Appeals, this appeal was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. Tex. Gov't Code Ann. § 73.001 (West 2005). We are unaware of any conflict between precedent of the Second Court of Appeals and that of this Court on any relevant issue. Tex. R. App. P. 41.3.

the Wise County Sheriff's Office. Officers at the sheriff's office personally observed Allen and detected an odor of an alcoholic beverage on him. Allen denied having consumed any alcoholic beverages that evening.

Allen was arrested on a finding of probable cause to believe that he had been driving while intoxicated. He was issued a written statutory warning requesting a blood specimen, which he refused to sign. He was then taken to Wise County Regional Hospital for a mandatory blood draw. His refusal to voluntarily give a blood specimen triggered an automatic 180-day suspension of his driver's license. Tex. Transp. Code Ann. § 724.035(a)(1) (West 2011). Upon notification of the suspension of his license, Allen timely requested a hearing before the State Office of Administrative Hearings under section 724.041 of the Code to contest that suspension.

No witnesses testified at the hearing but the Department did introduce two exhibits: (1) a four-page Peace Officer's Sworn Report completed by Trooper Markin; and (2) an unsigned Statutory Warning in which a blood specimen was requested from Allen. Following the hearing, the ALJ issued an affirmative finding suspending Allen's driver's license. Allen's appeal to the County Court at Law resulted in a reversal of the ALJ's decision and the Department now challenges that decision.

## Standard of Review

Administrative license decisions are reviewed under the substantial evidence standard. *Tex. Dep't of Pub. Safety v. Alford*, 209 S.W.3d 101, 103 (Tex. 2006). Under that standard, the reviewing court cannot substitute its judgment for the judgment of the ALJ. *Mireles v. Tex. Dep't of Pub. Safety*, 9 S.W.3d 128, 131 (Tex. 1999). If the ALJ's

3

decision is supported by more than a scintilla of evidence, that decision must be upheld. *Tex. Dep't of Pub. Safety v. Gilfeather*, 293 S.W.3d 875, 878 (Tex.App.--Fort Worth 2009, no pet.). However, a trial court may reverse an ALJ's determination under certain circumstances.[5]

A court of appeals reviews the trial court's substantial evidence decision *de novo. Id.* The issue for the reviewing court is not whether the ALJ's decision was correct but only whether the record demonstrates some reasonable basis for the ALJ's decision. *Id.* The burden for overturning an agency ruling is formidable. *Tex. Dep't of Pub. Safety v. Pucek*, 22 S.W.3d 63, 67 (Tex.App.--Corpus Christi 2000, no pet.).

## Analysis

Allen's refusal to voluntarily submit a blood specimen implicated section 724.042 of the Texas Transportation Code. Under that section, the Department was required to prove by a preponderance of the evidence that:

> (1) reasonable suspicion or probable cause existed to stop or arrest the person;
>
> (2) probable cause existed to believe that the person was:

---

[5]The administrative decision may not be reversed unless it prejudices the substantial rights of an appellant because the administrative findings, inferences, conclusions, or decisions are:

> (A) in violation of a constitutional or statutory provision;
> (B) in excess of the agency's statutory authority;
> (C) made through unlawful procedure;
> (D) affected by other error of law;
> (E) not reasonably supported by substantial evidence considering the reliable and probative evidence in the record as a whole; or
> (F) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

Tex. Gov't Code Ann. § 2001.174(2) (West 2008)

4

> (A) operating a motor vehicle in a public place while intoxicated; or
>
> * * *
>
> (3) the person was placed under arrest by the officer and was requested to submit to the taking of a specimen; and
>
> (4) the person refused to submit to the taking of a specimen on request of the officer.

*See* Tex. Transp. Code Ann. § 724.042 (West 2011). *See also Texas Dep't of Pub. Safety v. Torres*, 54 S.W.3d 438, 441 (Tex.App.--Fort Worth 2001, no pet.).

By its sole issue, the Department maintains the trial court erred in reversing the ALJ's administrative decision. We agree. In support of its contention, the Department argues that only probable cause to believe Allen was operating a motor vehicle in a public place while intoxicated was necessary. As a corollary to that argument the Department further contends that it was not required to prove Allen was actually driving while intoxicated. *See Partee v. Tex. Dep't of Pub. Safety*, 249 S.W.3d 495, 499 (Tex.App.--Amarillo 2007, no pet.). By its Reply Brief, the Department explains that the determination whether a driver did in fact operate a motor vehicle in a public place while intoxicated is a criminal matter with a great burden of proof, while a license suspension is a civil matter requiring only probable cause to believe the driver was driving while intoxicated. *See, e.g., Kuciemba v. State*, 310 S.W.3d 460, 462 (Tex.Crim.App. 2010) (noting that for evidence to be sufficient to support a conviction for driving while intoxicated, there must be a temporal link between the intoxication and the driving but, circumstantial evidence alone can support the conviction). *But see Church v. State*, 942 S.W.2d 139, 140 (Tex.App.--Houston [1st Dist.] 1997, pet. ref'd) (pointing out that it was

5

beyond the authority of an ALJ to decide the ultimate issue of whether the appellant was actually operating a motor vehicle while intoxicated).

The issue before this Court is whether it was reasonable for the ALJ to conclude that Trooper Markin had probable cause to believe that Allen was operating his motor vehicle in a public place while intoxicated when it was involved in an accident on FM 730 South. Probable cause exists when an officer has reasonably trustworthy information to warrant a reasonable person to believe that a particular person has committed an offense. *Tex. Dep't of Pub. Safety v. Butler*, 110 S.W.3d 673, 675 (Tex.App.--Houston [14th Dist.] 2003, no pet.).

Witnesses at the scene reported to officers that they had observed a pickup rear-end another vehicle and drive away. A license plate left at the scene was matched to a pickup owned by Allen. That pickup was later found abandoned. The abandoned pickup showed front end damage. According to Allen's wife, Allen called her to pick him up near the site of the abandoned pickup. She convinced him to turn himself in and drove him to the sheriff's office. While at the sheriff's office, Trooper Markin and others observed Allen and detected an odor of an alcoholic beverage on his breath.[6] These facts sufficiently establish probable cause to believe that Allen was operating a motor vehicle in a public place while intoxicated.

Allen strongly urges us to uphold the County Court at Law's decision reversing his license suspension by arguing the Department's failure to show a temporal link

---

[6]During the license suspension hearing, Allen objected to statements contained in Trooper Markin's sworn report as being inadmissible hearsay. However, hearsay statements may be used to show probable cause. *See Wilkerson v. State*, 726 S.W.2d 542, 545 (Tex.Crim.App. 1986).

between the accident and his interaction with law enforcement when an odor of alcohol was first detected. *See Butler*, 110 S.W.3d at 674-76. He contends a "substantial and significant period of time" passed between the time of the accident and his contact with law enforcement.[7] We disagree with Allen's position.

All that the Department was required to prove at the license suspension hearing was probable cause to believe Allen was driving while intoxicated. The Department was not required to prove Allen was intoxicated while operating his pickup at the time of the accident. Under the substantial evidence standard, we find there was more than a scintilla of evidence to support a finding of probable cause. We sustain the Department's sole issue.

## Conclusion

The trial court's judgment is reversed and judgment is rendered upholding the administrative decision to suspend Allen's driver's license for 180 days.

Patrick A. Pirtle
Justice

---

[7]The record reflects that Trooper Markin was dispatched to the accident scene at 5:45 p.m. Allen's arrival at the sheriff's office occurred "a short time later."