NO. 07-10-0271-CV

 

IN THE COURT OF APPEALS

 

FOR THE SEVENTH DISTRICT OF TEXAS

 

AT AMARILLO

 

PANEL C

 

JUNE 3, 2011

 

______________________________

 

 

TEXAS DEPARTMENT OF PUBLIC SAFETY, APPELLANT

 

V.

 

RUEBEN P. ALLEN, APPELLEE

 

 

_________________________________

 

FROM THE COUNTY COURT AT LAW OF WISE COUNTY;

 

NO. CV-4750; HONORABLE MELTON D. CUDE, JUDGE

 

_______________________________

 

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

MEMORANDUM OPINION

            Following a
hearing before the State Office of Administrative Hearings, the driver's
license of Appellee, Rueben P. Allen, was suspended for 180 days.[1]  Allen appealed to the County Court at Law,[2]
which found that the decision of the Administrative Law Judge (ALJ) was not
supported by substantial evidence.  The
administrative decision was reversed and the Texas Department of Public Safety
appealed that decision to this Court.[3]  Presenting a sole issue, the Department
questions whether the trial court erred when it reversed the ALJ's finding that
the arresting officer had probable cause to believe Allen was operating a motor
vehicle in a public place while intoxicated.[4]  We reverse the trial court's judgment and render
judgment affirming the administrative decision to suspend Allen's driver's
license for 180 days.

Background Facts

            The
scant facts are derived from the record at the administrative hearing held on
February 17, 2010.  According to the record,
in the early evening on December 7, 2009, Department of Public Safety Trooper
Chris Markin was dispatched to the scene of an
accident occurring on FM 730 South, where it was reported that a pickup had
rear-ended another vehicle.  Although the
pickup left the scene of the accident, it left behind a license plate near the
point of impact.  The license plate found
at the scene was matched to a Dodge pickup which was later found abandoned with
front end damage.  Allen was identified
as the owner of that pickup.

            Allen's
wife gave a statement that he had called her to pick him up near the site of
the abandoned pickup.  She convinced him
to turn himself in, and she drove him to the Wise County Sheriff's Office.  Officers at the sheriff's office personally
observed Allen and detected an odor of an alcoholic beverage on him.  Allen denied having consumed any alcoholic
beverages that evening.   

Allen was arrested on a finding of probable
cause to believe that he had been driving while intoxicated.  He was issued a written statutory warning
requesting a blood specimen, which he refused to sign.  He was then taken to Wise County Regional
Hospital for a mandatory blood draw.  His
refusal to voluntarily give a blood specimen triggered an automatic 180-day suspension
of his driver's license.  Tex. Transp.
Code Ann. § 724.035(a)(1) (West 2011).  Upon notification of the suspension of his
license, Allen timely requested a hearing before the State Office of
Administrative Hearings under section 724.041 of the Code to contest that
suspension.

No witnesses testified at the
hearing but the Department did introduce two exhibits: (1) a four-page Peace
Officer's Sworn Report completed by Trooper Markin;
and (2) an unsigned Statutory Warning in which a blood specimen was requested
from Allen.  Following the hearing, the
ALJ issued an affirmative finding suspending Allen's driver's license.  Allen's appeal to the County Court at Law
resulted in a reversal of the ALJ's decision and the Department now challenges
that decision.  

Standard of Review

            Administrative
license decisions are reviewed under the substantial evidence standard.  Tex. Dep't of Pub. Safety v. Alford, 209 S.W.3d 101, 103 (Tex. 2006).  Under that standard, the reviewing court
cannot substitute its judgment for the judgment of the ALJ.  Mireles v. Tex. Dep't of Pub. Safety, 9 S.W.3d 128, 131 (Tex.
1999).  If the ALJ's
decision is supported by more than a scintilla of evidence, that decision must
be upheld.  Tex. Dep't of Pub. Safety v. Gilfeather, 293 S.W.3d 875, 878 (Tex.App.--Fort Worth 2009, no
pet.).  However, a
trial court may reverse an ALJ's determination under certain circumstances.[5]  

            A
court of appeals reviews the trial court's substantial evidence decision de novo. 
Id.  The issue for the reviewing court is not
whether the ALJ's decision was correct but only whether the record demonstrates
some reasonable basis for the ALJ's decision. 
Id.  The burden for overturning an agency ruling is formidable.  Tex.
Dep't of Pub. Safety
v. Pucek, 22 S.W.3d
63, 67 (Tex.App.--Corpus Christi 2000, no pet.).  

Analysis

Allen's refusal to voluntarily submit a blood specimen
implicated section 724.042 of the Texas Transportation Code.  Under that section, the Department was
required to prove by a preponderance of the evidence that:

(1) reasonable suspicion or
probable cause existed to stop or arrest the person;

(2) probable cause existed to
believe that the person was:

(A) operating a motor vehicle
in a public place while intoxicated; or

* * *

(3) the person was placed
under arrest by the officer and was requested to submit to the taking of a
specimen; and

(4) the person refused to
submit to the taking of a specimen on request of the officer.

See Tex. Transp. Code Ann. § 724.042 (West 2011).  See
also Texas Dep't of Pub. Safety v. Torres, 54 S.W.3d 438,
441 (Tex.App.--Fort Worth 2001, no pet.).

            By its sole issue, the
Department maintains the trial court erred in reversing the ALJ's
administrative decision.  We agree.  In support of its contention, the Department
argues that only probable cause to believe Allen was operating a motor vehicle
in a public place while intoxicated was necessary.  As a corollary to that argument the
Department further contends that it was not required to prove Allen was
actually driving while intoxicated.  See Partee v. Tex.
Dep't of Pub. Safety, 249 S.W.3d 495, 499 (Tex.App.--Amarillo 2007, no
pet.).  By its Reply
Brief, the Department explains that the determination whether a driver did in
fact operate a motor vehicle in a public place while intoxicated is a criminal
matter with a great burden of proof, while a license suspension is a civil
matter requiring only probable cause to believe the driver was driving while
intoxicated.  See, e.g., Kuciemba v. State, 310 S.W.3d 460, 462
(Tex.Crim.App. 2010) (noting that for evidence to be sufficient to support a
conviction for driving while intoxicated, there must be a temporal link between
the intoxication and the driving but, circumstantial evidence alone can support
the conviction).  But see Church v. State, 942 S.W.2d 139, 140 (Tex.App.--Houston
[1st Dist.] 1997, pet. ref'd) (pointing out that it was beyond the authority of
an ALJ to decide the ultimate issue of whether the appellant was actually
operating a motor vehicle while intoxicated).  

            The issue before this
Court is whether it was reasonable for the ALJ to conclude that Trooper Markin had probable cause to believe that Allen was
operating his motor vehicle in a public place while intoxicated when it was
involved in an accident on FM 730 South. 
Probable cause exists when an officer has reasonably trustworthy
information to warrant a reasonable person to believe that a particular person has
committed an offense.  Tex. Dep't of Pub. Safety v. Butler, 110 S.W.3d 673,
675 (Tex.App.--Houston [14th Dist.] 2003, no pet.).  

            Witnesses at the scene
reported to officers that they had observed a pickup rear-end another vehicle
and drive away.  A license plate left at
the scene was matched to a pickup owned by Allen.  That pickup was later found abandoned.  The abandoned pickup showed front end
damage.  According to Allen's wife, Allen
called her to pick him up near the site of the abandoned pickup.  She convinced him to turn himself in and
drove him to the sheriff's office.  While
at the sheriff's office, Trooper Markin and others observed
Allen and detected an odor of an alcoholic beverage on his breath.[6]  These facts sufficiently establish probable
cause to believe that Allen was operating a motor vehicle in a public place
while intoxicated.

            Allen strongly urges us
to uphold the County Court at Law's decision reversing his license suspension
by arguing the Department's failure to show a temporal link between the
accident and his interaction with law enforcement when an odor of alcohol was
first detected.  See Butler, 110 S.W.3d at 674-76.  He contends a "substantial and
significant period of time" passed between the time of the accident and
his contact with law enforcement.[7]  We disagree with Allen's position.  

All that the Department was required to prove at the license
suspension hearing was probable cause to believe Allen was driving while
intoxicated.  The Department was not
required to prove Allen was intoxicated while operating his pickup at the time
of the accident.  Under the substantial evidence standard, we
find there was more than a scintilla of evidence to support a finding of
probable cause. We sustain the Department's sole issue. 

Conclusion

            The trial court's
judgment is reversed and judgment is rendered upholding the administrative
decision to suspend Allen's driver's license for 180 days.

 

                                                                                    Patrick A. Pirtle

                                                                                          Justice

 

 











[1]Tex.
Transp. Code Ann. § 724.035(a)(1) (West 2011).

 





[2]Tex. Transp. Code Ann. § 524.041(b) (West 2007).

 





[3]A
court of appeals has jurisdiction over decisions from county courts at law
involving driver's license suspensions.  See State Dep't of Pub. Safety v. Barlow, 48 S.W.3d 174, 175 (Tex. 2001).  But see
Tex. Transp. Code Ann. § 524.041(b) (West 2007); Tex. Dep't of Pub. Safety v.
Jenkins, 262 S.W.3d 811, 813 (Tex.App.--Eastland 2008, no pet.).

 





[4]Originally
appealed to the Second Court of Appeals, this appeal was transferred to this
Court by the Texas Supreme Court pursuant to its docket equalization
efforts.  Tex. Gov=t
Code Ann. ' 73.001 (West 2005).  We are unaware of any conflict between
precedent of the Second Court of Appeals and that of this Court on any relevant
issue.  Tex. R. App. P. 41.3.

 





[5]The
administrative decision may not be reversed unless it prejudices the
substantial rights of an appellant because the administrative findings,
inferences, conclusions, or decisions are: 


 

(A) in violation of a constitutional or
statutory provision;

(B) in excess of the agency=s
statutory authority;

(C) made through unlawful procedure;

(D) affected by other error of law;

(E) not reasonably supported by
substantial evidence considering the reliable and probative evidence in the
record as a whole; or

(F) arbitrary
or capricious or characterized by abuse of discretion or clearly unwarranted
exercise of discretion.

 

Tex. Gov't Code Ann. §
2001.174(2) (West 2008)





[6]During
the license suspension hearing, Allen objected to statements contained in
Trooper Markin's sworn report as being inadmissible
hearsay.  However, hearsay statements may
be used to show probable cause.  See Wilkerson v. State, 726 S.W.2d 542, 545 (Tex.Crim.App. 1986).

 





[7]The
record reflects that Trooper Markin was dispatched to
the accident scene at 5:45 p.m.  Allen's
arrival at the sheriff's office occurred "a short time later."